STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1200

CITY OF ALEXANDRIA

VERSUS

RATCLIFFE CONSTRUCTION COMPANY, LLC, ASHE BROUSSARD
WEINZETTE ARCHITECTS, LLP AND WITSELL EVANS &
RASCO, P.A.

**********
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, DOCKET NO. 235,509-A
HONORABLE DONALD T. JOHNSON, PRESIDING
**********

SYLVIA R. COOKS
JUDGE
**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.

AFFIRMED.

Eugene J. Radcliffe
Montgomery, Barnett, L.L.P.
One American Place
301 Main Street, Suite 1170
Baton Rouge, LA 70825
(225) 329-2834
COUNSEL FOR PLAINTIFF/APPELLANT:
  City of Alexandria

Albert Dale Clary
S. Brooke Barnett
LaToya D. Jordan
Long Law Firm, L.L.P.
4041 Essen Lane, Suite 500
Baton Rouge, LA 70809
(225) 922-5110
COUNSEL FOR DEFENDANTS/APPELLEES:
  Ashe Broussard Weinzette Architects, LLP and Witsell Evans & Rasco, PA

**COOKS, Judge.**

This appeal is before this court as a result of the trial court's granting of summary judgment in favor of appellees and dismissing appellant's claims against appellees for damages from negligence allegedly resulting from a defective design. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

This suit involves the design and construction of the Coughlin Saunders Performing Arts Center (hereafter the Center) located in Alexandria, Louisiana, which opened in August of 2004. On June 29, 2009, the City of Alexandria filed suit against Ratcliffe Construction Company, LLC, who built the Center. Also named as defendants were the architects of the Center, Ashe Broussard Weinzettle Architects, LLP and Witsell Evans & Rasco, PA (hereafter the Architects).

The City alleged that subsequent to the Center's completion, it "sustained rainwater intrusion in several locations, through its masonry wall systems." The City contended the rainwater intrusion and corresponding damage was the direct result of the defective workmanship of Ratcliffe Construction and the negligent design of the Architects. The City requested damages and attorney fees.

After the damage was discovered, the Architects investigated the cause of the rainwater intrusion and made recommendations for repair. The City then hired a consultant, Quick & Associates, to inspect the building and determine the cause of the rainwater intrusion and to assess the design and quality of workmanship.

On October 2, 2006, Quick & Associates issued a written report of its findings. It concluded the leaks were a direct result of the faulty workmanship and poor supervision by the masonry subcontractor and general contractor. Quick & Associates also found that the design of the Center was in accordance with industry standards.

Quick & Associates determined that repairs and remedial work would be necessary in order to mitigate the damages and eliminate any rainwater intrusion in the future. It was recommended that the original project architects prepare and issue remedial drawings based on the original construction plans and details. Despite the pending suit for damages, the Architects then prepared and issued remedial drawings to the City.

Relying on the conclusions reached by Quick & Associates, the Architects filed a motion for summary judgment contending there was no genuine issue regarding the material fact that their design of the center met applicable industry standards and was not defective. Additionally, the Architects asserted the City could not recover attorney fees in any event, because neither the contract between the parties nor a statute provided for the recovery of attorney fees.

The City opposed the motion for summary judgment, arguing it was inappropriate at that stage of the litigation because adequate discovery had not yet been conducted.

After a hearing on the motion, the trial court found summary judgment in favor of the Architects was "warranted in this matter because the City's own consultant and expert opined that the design of the Center was not defective." The trial court further found the summary judgment was not premature, noting the Architects obtained an opinion letter from the City's expert stating that the design of the Center was not defective, and the City failed to produce any expert testimony and/or reports to the contrary. The trial court also found the City could not recover attorney fees, because the contract did not provide for the recovery of attorney fees in this matter. The City appealed the trial court's judgment, arguing summary judgment was inappropriately granted.

## ANALYSIS

In *Dinger v. Shea*, 96-448, pp. 4-5 (La.App. 3 Cir. 12/11/96), 685 So.2d 485, 488-89, we set forth the standard of appellate review of summary judgments:

> Appellate courts review summary judgments *de novo* under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Potter v. First Federal Sav. and Loan Ass'n*, 615 So.2d 318 (La.1993). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted, if any, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). A fact is "material" if its existence potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the relevant legal dispute. *Cormier v. Wise*, 93-1434 (La.App. 3 Cir. 6/1/94), 638 So.2d 688. A fact is "at issue" if there exists any reasonable doubt as to its existence. *Durrosseau v. Century 21 Flavin Realty, Inc.*, 594 So.2d 1036 (La.App. 3 Cir.1992).

> ....

> In the past, any doubt regarding the existence of material facts was to be resolved against granting the summary judgment, even if grave doubts existed as to a party's ability to establish disputed facts at trial. *Penton [v. Clarkson*, 93-657 (La.App. 1 Cir. 3/11/94) ], 633 So.2d 918. The amendment does not change the law regarding burdens of proof, as the mover is still required to prove the absence of a genuine issue and his entitlement to judgment. *Short v. [Giffin* ], 96-0361 (La.App. 4 Cir. 8/21/96); 682 So.2d 249; *Walker v. Kroop*, 96-0618 (La.App. 4 Cir. 7/24/96); 678 So.2d 580. However, it now appears, based on the new language of section (C), that in order to rebut a showing made by the mover of the non-existence of a genuine issue of material fact, the nonmoving party will be held to a higher standard of proof, i.e., a non-moving party must sufficiently establish the existence of proof of an essential element of his claim on which he is to bear the burden of proving at trial.

> See also *Townley v. City of Iowa*, 97-493 (La.App. 3 Cir. 10/29/97), 702 So.2d 323.

This court in *Weill Construction Co. v. Thibodeaux*, 491 So.2d 166, 171 (La.App. 3 Cir. 1985), discussed what was necessary to attach liability to design professionals, such as architects:

> Architects are held liable for damages incurred by the owner by whom they are employed when their plans and specifications are faulty and defective as a result of their neglect in exercising care and skill. In the absence of an express contractual provision to the

contrary, an architect's obligation does not guarantee a perfect plan or a satisfactory result. There is no assurance that miscalculations will not occur. Liability is considered to rest only on unskillfulness or negligence and not upon mere error of judgment. The ordinary care and reasonable skill by virtue of which architects' preparations of plans and specifications are to be evaluated in determining whether they are guilty of negligence, must be the same care and skill required by others engaged in the same profession in the same locality. *Maloney v. Oak Builders, Inc.*, 224 So.2d 161, 168 (La.App. 4th Cir.1969), *modified*, 256 La. 85, 235 So.2d 386 (La.1970).

At trial, the party alleging liability on an architect must establish the local prevailing standards for architectural compliance and prove a failure to meet this standard through expert testimony. "Unless lay persons can infer negligence by applying common sense standard, expert testimony is required to establish the applicable standard of care. Failure to submit expert testimony to prove the standard of care is a 'fatal omission.'" *Greenhouse v. C.F. Kenner Associates Ltd. Partnership*, 98-496, p. 5 (La.App. 4 Cir. 11/10/98), 723 So.2d 1004, 1008, *citing Carter v. Deitz*, 556 So.2d 842, 843 (La.App. 4 Cir.1990).

In this case, the Architects filed their Motion for Summary Judgment on the grounds that the City's own expert, Quick & Associates, submitted a written report concluding the Architects' design was not defective. The trial court then specifically noted in its written reasons for judgment that "the City has not produced any expert testimony and/or reports to the contrary." Thus, due to this "fatal omission" on the part of the City, the trial court granted the Architects' Motion for Summary Judgment. After reviewing the record, we find no error in the trial court's grant of summary judgment.

The Architects' Motion for Summary Judgment set forth the absence of any evidence in the record to establish any breach of the applicable standard of care. The burden then shifted to the City to put forth some evidence to establish it could satisfy its evidentiary burden at trial. In reviewing the City's Opposition to the Architects' Motion for Summary Judgment, the City did not provide any

supplemental expert report, expert testimony or expert affidavit to contradict that of Quick & Associates that the Architects did not breach the applicable standard of care.

The City also argues summary judgment was inappropriate because the written report prepared by Quick & Associates was privileged communication between the City's attorneys and its consultant (Quick & Associates) in preparation for litigation, and should not have been submitted in support of the Architects' Motion for Summary Judgment. The trial court found the letter was not privileged. We agree.

Pursuant to La.Code Civ.P. art. 1425(D)(1), "a party may, through interrogatories, deposition, and a request for documents and tangible things, discover facts known and opinions held by a person who has been identified as an expert whose opinions may be presented at trial." The plain wording of this statute provides that an expert's conclusions are discoverable and not privileged. Further, we note, as the trial court did, that the Quick report was given to the Architects by the City. A fact the City acknowledges it did "as a courtesy." Therefore, any purported privilege, were it deemed to exist, was waived.

The City also alleged that it set forth "twenty-eight (28) issues outlined in the City's certified discovery responses" which demonstrate genuine issues of material fact that should have precluded summary judgment. The City further argues the affidavit of its attorney details these alleged issues and satisfies its burden of proof to establish it could satisfy its evidentiary burden of proof at trial. We disagree. As set forth earlier, the City has failed to provide any expert opinion establishing that the Architects did not comply with the applicable standard of care in their design of the Center. The discovery responses and affidavit of its attorney, who is not qualified as an expert regarding the standard of care applicable to

5

architects, does not and cannot establish the standard of care and breach of that standard in this case.

Finally, the City argues the granting of summary judgment was premature because the trial court had not yet issued a Scheduling Order setting a cutoff date for submission of its expert report. The City argues "requiring an expert report merely because another party has filed a motion is improper." We disagree.

This court in *LeCroy v. Byrd Regional Hospital*, 10-904, pp. 13-14 (La.App. 3 Cir. 4/30/08), 981 So.2d 897, 905-06, discussed a similar situation:

> Louisiana Code of Civil Procedure Article 966(A)(1) provides that a defendant is able to move for summary judgment "at any time." Further, La.Code Civ.P. art. 966(C)(1) provides that "[a]fter adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted."
>
> > The provision for adequate discovery does not grant a party an absolute right to delay a decision on a motion for summary judgment until all discovery is complete. *West v. Watson*, 35,278 (La.App. 2 Cir. 10/31/01), 799 So.2d 1189, *writ denied*, 01-3179 (La.2/8/02), 809 So.2d 140. Unless the party opposing the motion for summary judgment shows a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there are no genuine issues of fact. *Advance Products & Systems, Inc. v. Simon*, 06-609 (La.App. 3 Cir. 12/6/06), 944 So.2d 788, *writ denied*, 07-26 (La.3/9/07), 949 So.2d 444. The abuse of discretion standard is used to determine if the trial court allowed adequate time for discovery. *Id.*
>
> *Prime Income Asset Mgmt., Inc. v. Tauzin*, 07-1380, pp. 13-14 (La.App. 3 Cir. 4/30/08), 981 So.2d 897, 905-06.

We also note this Court's decision in *Dupree v. Louisiana Medical Mutual Insurance Co.*, 11-366, p. 2 (La.App. 3 Cir. 10/5/11), 74 So.3d 880, 882, which also was a professional liability case, wherein we affirmed the trial court's finding that the plaintiff's reliance on the scheduling order was held to be a "misplaced strategic move." Further, while a Scheduling Order was not issued by the trial court, the City was ordered by the trial court on July 1,

6

2010 to show cause why the Motion for Summary Judgment should not be granted. The City failed to show cause by failing to meet its burden of establishing it could satisfy its evidentiary burden at trial. Thus, the trial court's grant of summary judgment was not premature.

## DECREE

For the foregoing reasons, the judgment of the trial court granting the Architects' Motion for Summary Judgment is affirmed. Costs of this appeal are assessed to appellant, the City of Alexandria.

**AFFIRMED.**