GUIDRY, J.
lain this products liability action, the plaintiff appeals the dismissal of his claims against an automobile manufacturer by *451 summary judgment. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
In the summer of 2012, Joseph M. Dortch drove his 2012 Jeep Cherokee off the road as he was traveling west on a roadway in Ascension Parish. According to Mr. Dortch, an unknown driver crossed the center line of the two-lane highway, causing him to drive off 'the roadway into an adjacent ditch. Mr. Dortch sustained several injuries and was transported from the accident scene by ambulance. Following the accident, Mr. Dortch filed a claim with his automobile liability insurer, State Farm Mutual Automobile Insurance Company.[1] The vehicle was declared a total loss by State Farm, which subsequently sold the vehicle for salvage in August 2012.
On May 29, 2013, Mr. Dortch filed a petition for damages against Jane Doe, the unknown driver of a small, white automobile that Mr. Dortch alleged swerved into his lane of travel and forced him to drive off the road. Mr. Dortch also named Chrysler Group, LLC as a defendant in the petition, alleging that the failure of any of the front or side airbags to deploy was an additional proximate and contributing cause of the injuries he sustained in the accident. Mr. Dortch therefore claimed that the airbags in his vehicle were unreasonably dangerous. Chrysler Group, LLC generally denied any liability in answer to Mr, Dortch’s petition. ' ■
On February 17, 2016, FCA US LLC, which was formerly the Chrysler Group, LLC, filed a motion for summary judgment, alleging that Mr. Dortch had l.sinsufficient evidence to carry his burden of proof at trial, because he no longer possessed the 2012 Jeep Cherokee nor any parts of the vehicle, including the allegedly defective airbag system. In support of its motion for summary judgment, FCA US LLC pointed out that Mr. Dortch had raised three of the four exclusive theories of recovery provided under the Louisiana Products Liability Act (LPLA), La. R.S. 9:2800.51-2800.60. See La. R.S. 9:2800.52.[2] Relative to the three theories raised, FCA US LLC pointed out the following:
As to his first theory, defective construction or composition, plaintiff did not show any deviation from any specifications or performance standards for the vehicle or from otherwise identical vehicles by the same manufacturer, a required element of proof under the LPLA. Second, regarding design defect, he failed to identify any alternative designs that he contends could have prevented his injury, also as required under the LPLA. Third, as to inadequate warnings, plaintiff did not identify a specific warning he contends is inadequate or explain the manner in which the airbag system was unreasonably dangerous to an extent beyond that which would be contemplated by an ordinary user of the product, all required elements of a warnings claim under the LPLA.
Indeed, plaintiff has not been able to produce the most important piece of evi *452 dence in an automotive products liability case: the subject vehicle.
FCA US LLC conceded that the airbags did not deploy in Mr. Dortch’s accident; nevertheless, it argued “plaintiff has no evidence that the subject vehicle’s airbags should have deployed in the accident, that the nondeployment was due to a product defect, or that the so-called product defect caused his injuries.” Further, FCA US LLC argued that plaintiff would be unable to meet his burden of proving that the doctrine of res ipsa loquitur applied.
Mr. Dortch filed an opposition to the motion for summary judgment asserting a list of five facts that he contended to be genuinely disputed and offering photographs and an inspection report produced by State Farm and his own affidavit as evidence of the extent of the damage sustained by the subject vehicle and of the 14fact that the airbags in the subject vehicle did not deploy. In addition to citing the law on res ipsa loquitur, Mr. Dortch further argued that under the current version of La. C.C.P. art. 966, summary judgment should be denied because discovery in the case was still open, and he was still seeking to locate the subject vehicle.
The trial court held a hearing on the motion for summary judgment on March 22, 2016, and after hearing the arguments of the parties, the court stated that in the absence of the subject vehicle, Mr. Dortch could not go forward with his claim. Further, in regard to the doctrine of res ipsa loquitur, the court stated that the jeep was not in the exclusive control of Chrysler and the circumstances were not so unusual that an inference of negligence could be raised. Moreover, the court found that res ipsa loquitur could not apply as there was no evidence available from which to draw actual inferences. Hence, the trial court granted FCA US LLC’s motion for summary judgment, and by a judgment signed March 28, 2016, dismissed all of Mr. Dortch’s claims against FCA US LLC with prejudice. Mr. Dortch devolutively appealed.
SUMMARY JUDGMENT
The summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by La. C.C.P. art. 969. La. C.C.P. art. 966 (A)(2). After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).
The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require him to negate all essential elements of the adverse part/s claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. The Lburden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.
La. C.C.P. art. 966(D)(l)(emphasis added). Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Reynolds v. Bordelon, 14-2371, p. 4 (La. 6/30/15), 172 So.3d 607, 611. In determining whether summary judgment *453 is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Mederos v. St. Tammany Parish Government, 15-1602, p. 6 (La.App. 1 Cir. 7/11/16), 199 So.3d 30, 34.
DISCUSSION
Under the LPLA, “[t]he manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity.” La. R.S. 9:2800.54(A). A product may be considered unreasonably dangerous if and only if the product is unreasonably dangerous in construction or composition, as provided in La. R.S. 9:2800.55; in design, as provided in La. R.S. 9:2800.56; because an adequate warning about the product has not been supplied, as provided in La. R.S. 9:2800.57; or because the product does not conform to the manufacturer’s express warranty about the product, as provided in La. R.S. 9:2800.58. La. R.S. 9:2800.54(B).
In opposing the motion for summary judgment, Mr. Dortch failed to offer any evidence to show: (1) that the jeep deviated from the manufacturer’s specifications to support his claim of a construction or composition defect; (2) that an alternative design existed to support his claim of a design defect; or (3) that any | (¡specific warning was inadequate or deficient to support his claim of inadequate warnings. On appeal, Mr. Dortch does not deny any of these failures, but instead argues that res ipsa loquitur should apply to establish that the airbags in the subject vehicle were defective under one of the three identified theories.
The plaintiff in a negligence case may meet his burden of proof by presenting both direct and circumstantial evidence. Thomas v. Comfort Center of Monroe, LA, Inc., 10-0494, pp. 15-16 (La.App. 1 Cir. 10/29/10), 48 So.3d 1228, 1238. Circumstantial evidence is evidence of one fact, or of a set of facts, from which the existence of the fact to be determined may reasonably be inferred. When direct evidence of a defendant’s negligence is not available, the doctrine of res ipsa loquitur assists the plaintiff in presenting a prima facie case of negligence. Lawson v. Mitsubishi Motor Sales of America, Inc., 05-0257, p. 21 (La. 9/6/06), 938 So.2d 35, 49.
Res ipsa loquitur is not a substantive legal tenet, but rather an eviden-tiary doctrine under which a tort claim may be proved by circumstantial evidence. It applies when the accident would not normally occur in the absence of negligence, there is an absence .of direct evidence to explain the activities leading to the injury, and the accident or injury was caused by an agency or instrumentality within the actual or constructive control of the defendant. Gisclair v. Bonneval, 04-2474, p. 5 (La.App. 1 Cir. 12/22/05), 928 So.2d 39, 42. Thus, the doctrine generally may be applied when three requirements are met: (1) the circumstances surrounding the accident are so unusual that, in the absence of other pertinent evidence, there is an inference of negligence on the part of the defendant; (2) the defendant had exclusive control over the thing causing the injury[3]; and (3) the circumstances are such that the only reasonable and fair conclusion is that the accident was due to a *454 17breach of duty on the defendant’s part. Thomas, 10-0494 at p. 16, 48 So.3d at 1239. Clearly, a car manufacturer has a duty to the consumer to provide a safe vehicle, including a properly functioning supplemental restraint system. Lawson, 05-0257 at p. 21, 938 So. 2d at 50.
Traditionally, the evidentiary doctrine of res ipsa loquitur has been used in tort actions to establish negligence on the part of a defendant; however, the doctrine may also be utilized in the context of a products liability action. The defective nature of a product will not be “presumed” by utilizing this doctrine, but rather, it simply gives the plaintiff the right to place on the scales, along with proof of the accident and enough of the attending circumstances to invoke the rule, an inference of the unreasonably dangerous nature of a product sufficient to shift the burden of proof. Lawson, 05-0257 at p. 20, 938 So.2d at 49.
In this case, however, the trial court properly concluded that the doctrine should not apply as Mr. Dortch presented no evidence to establish that the only reasonable and fair conclusion is that the airbags were unreasonably dangerous due to a breach of the duty owed by FCA US LLC. FCA US LLC never disputed and even conceded that the airbags in the subject vehicle did not deploy; however, other than Mr. Dortch’s mere assertion that the airbags should have deployed, he presented no evidence to support his claim that the airbags should have deployed under the circumstances. Moreover, it has been held that there are many accidents in which the failure of the airbag to deploy is consistent with its proper functioning. Batiste v. General Motors Corporation, 00-2027, p. 5 (La.App. 4th Cir. 5/23/01), 802 So. 2d 686, 689, writ denied, 01-2193 (La. 11/9/01), 801 So. 2d 375; see also Reynolds, 14-2371 at p. 8, 172 So. 3d at 613-614. Thus, it cannot be said that in common experience, the failure of the airbags to deploy would not normally occur in the absence of the airbags being defective. See Cangelosi v. Our Lady of the Lake Regional Medical Center, 564 So. 2d 654, 665-66 (La.1989)(on rehearing).
Further in regard to the insufficiency of the evidence presented by Mr. Dortch, he maintains on appeal that summary judgment should not have been granted because the discovery period was still open, and by law, summary judgment could only be granted “[a]fter an opportunity for adequate discovery.” See La. C.C.P. art. 966(A)(3). At the hearing on the motion for summary judgment, Mr. Dortch’s counsel also pointed out that no deadline had been set to disclose expert witnesses, and therefore, he argued, “I think it is at least conceivable that we could produce an expert who could review all the evidence which I have discussed and say, based on my analysis of this, those bags should have deployed. We’re not there yet.”
It is not an abuse of the trial court’s wide discretion in discovery matters to entertain a motion for summary judgment before discovery has been completed. Trial courts in Louisiana have broad discretion when regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse. It is within the trial court’s discretion to render a summary judgment or require further discovery. Duncan v. Poydras, 10-2094, pp. 3-4 (La. App. 1st Cir. 6/10/11), 68 So. 3d 1184, 1186.
The Third Circuit in Advance Products & Systems. Inc. v. Simon, 06-609, p. 5 (La. App. 3d Cir. 12/6/06), 944 So. 2d 788, 792, writ denied, 07-0026 (La. 3/9/07), 949 So. 2d 444 (quoting Simoneaux v. E.I. du Pont de Nemours and Co., Inc., 483 So. 2d 908, 912-13 (La. 1986)) observed:
*455 There is no absolute right to delay action on a motion for summary judgment until discovery is completed. Under C.C.P. 967, a trial judge clearly has the discretion to issue a summary judgment after the filing of affidavits, or the judge may allow further affidavits or discovery to take place.
RThe only requirement is that the parties be given a fan opportunity to present their claim. Unless plaintiff shows a probable injustice a suit should not be delayed pending discovery when it appears at an early stage that there are no genuine issues of fact.
See also City of Alexandria v. Ratcliffe Construction in Company, LLC, 11-1200, pp. 6-7 (La. App. 3d Cir. 2/8/12), 95 So. 3d 1076, 1080-81 (wherein the court affirmed the summary judgment granted by the trial court, despite the opponent’s contention that the ruling was premature because the trial court had not yet issued a scheduling order setting a cutoff date for submission of its expert report).
Mr. Dortch filed suit in May 2013, and was aware as early as December 2013, that the subject vehicle was missing. Thereafter, in early 2014, counsel made some initial attempts to locate the vehicle without success. FCA US LLC did not file its motion for summary judgment until February 2016. Hence, Mr. Dortch had approximately two years to search for the subject vehicle, as well as to investigate the possibility of securing the testimony of an expert who could opine, based on existing evidence, whether the airbag system in the subject vehicle was defective. Considering these facts, we cannot say that the trial court erred.
CONCLUSION
On de novo review of the record before us, we find no error in the trial court’s decision to render summary judgment dismissing the plaintiffs claims against the defendant automobile manufacturer. Consequently, we affirm. All costs of this appeal are cast to the plaintiff-appellant, Joseph M. Dortch.
AFFIRMED.

. Because there was no physical contact between Mr. Dortch’s vehicle and the vehicle that allegedly caused him to run off the road and because there was no independent and disinterested witness to the accident, Mr. Dortch’s claim was covered under his collision coverage rather than his uninsured motorist coverage. See La. R.S. 22:1295(l)(f).

. The LPLA provides the exclusive theories under which a party can pursue a claim against a manufacturer for an alleged product defect. La. R.S, 9:2800.52; Reynolds v. Bordelon, 14-2371, p. 6 (La. 6/30/15), 172 So.3d 607, 612-13.

. However, jurisprudence has relaxed the exclusive control element associated with res ipsa loquitur. Juris v. Ford Motor Company, 32,125, p. 8 (La. App. 2d Cir. 1/6/00), 752 So. 2d 260, 265.