STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 0760

EARL DEMPSEY PENDARVIS AND
MARKET SOUTH INVESTORS, LLC

VERSUS

MELISSA SULLIVAN

*Judgment Rendered:*  APR 0 4 2022

* * * * * * * *

Appealed from the
23rd Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Case No. 129675, Division D

The Honorable Steven Tureau, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Gregory Thomas Akers<br>Joshua Paul Melder<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellant<br>Melissa Sullivan |
| John-Paul Robert<br>Gonzales, Louisiana | Counsel for Plaintiffs/Appellees<br>Earl Dempsey Pendarvis and<br>Market South Investors, LLC |

* * * * * * * *

BEFORE: McCLENDON, WELCH, AND THERIOT, JJ.

JEW
Welch, Jr. concurs and assigns reasons

**THERIOT, J.**

Melissa Sullivan ("Ms. Sullivan") appeals the summary judgment by the Twenty-Third Judicial District Court, which was granted in favor of the appellee, Earl Dempsey Pendarvis ("Mr. Pendarvis"). For the following reasons, we affirm in part, vacate in part and remand.

## FACTUAL AND PROCEDURAL HISTORY

Shortly before this lawsuit came about, Ms. Sullivan and Mr. Pendarvis were in a dating relationship. On September 17, 2020, Mr. Pendarvis and Market South Investors, LLC ("MSI") filed a "Summary Writ of Mandamus, Temporary Restraining Order, Preliminary Injunction and Permanent Injunction." The filing alleged that Mr. Pendarvis was the sole managing member of MSI, and Mr. Pendarvis sought for Ms. Sullivan to declare that any membership ownership interest she had belonged to Mr. Pendarvis. In the alternative, Mr. Pendarvis sought for Ms. Sullivan to execute documents transferring any and all interest she had in MSI to Mr. Pendarvis. Mr. Pendarvis further sought for the trial court to recognize him as the sole owner of MSI and for a temporary restraining order to issue prohibiting Ms. Sullivan from transferring or alienating her interest in MSI to a third party.

On October 1, 2020, Ms. Sullivan filed "Exceptions of Nonconformity of the Petition, Unauthorized Use of a Summary Proceeding, No Cause of Action, and No Right of Action and Motion to Dissolve Temporary Restraining Order." Thereafter, on October 21, 2020, Mr. Pendarvis and MSI filed a motion for declaration of nullity of contract, seeking a judgment declaring the transfer of interest in MSI to Ms. Sullivan to be a sham or absolute nullity. The hearings for the pleadings filed on October 1st and October 21st were both set for November 5, 2020.

2

On October 28, 2020, Ms. Sullivan filed a dilatory exception raising the objection of unauthorized use of a summary proceeding, a peremptory exception raising the objection of no cause of action, and a declinatory exception raising the objection of insufficient service of process. Ms. Sullivan contended that Mr. Pendarvis and MSI could not seek a declaratory judgment through a summary proceeding, and the ownership of Ms. Sullivan's fifty percent membership interest in MSI may only be asserted through an ordinary action. She further asserted that Mr. Pendarvis and MSI failed to serve the motion for declaration of nullity of contract on Ms. Sullivan in accordance with the Louisiana Code of Civil Procedure. A hearing on the exceptions was set for November 5, 2020.

The trial court sustained the exception of unauthorized use of a summary proceeding as to the mandamus action and as to the motion for declaration of nullity of contract, and converted the summary proceeding into an ordinary proceeding. The trial court ruled that the exceptions of no cause of action as to the mandamus action and the motion for declaration of nullity of contract were moot. The trial court also sustained the exception of no right of action filed by MSI and dismissed MSI from the lawsuit. The judgment further granted the preliminary injunction restraining, enjoining, and prohibiting Ms. Sullivan from selling, donating, alienating, or in any way transferring her fifty percent membership interest in MSI.

On November 20, 2020, Ms. Sullivan filed an answer and a reconventional demand. On that same date, Ms. Sullivan's counsel emailed and mailed interrogatories and requests for production of documents to Mr. Pendarvis' counsel. On November 24, 2020, Ms. Sullivan's counsel emailed Mr. Pendarvis' counsel eleven dates between December 14 and December 30 for the deposition of Mr. Pendarvis to be scheduled. Ms. Sullivan's counsel followed up several times regarding which date would be best for Mr. Pendarvis and his counsel. However,

3

Mr. Pendarvis' counsel never replied, so Ms. Sullivan's counsel set the deposition for December 28, 2020 at 9:00 a.m. and sent proper notice to Mr. Pendarvis' counsel.[1] On December 28, 2020 at 7:47 a.m., Mr. Pendarvis' counsel emailed Ms. Sullivan's counsel indicating that Mr. Pendarvis objected to the "unilateral setting of Mr. Pendarvis' deposition between Christmas and New Years." The email further indicated that Mr. Pendarvis would not be attending the deposition.

Mr. Pendarvis did not respond to the interrogatories or the requests for production of documents within thirty days as required by Louisiana Code of Civil Procedure articles 1458[2] and 1462[3]. Therefore, Ms. Sullivan's counsel attempted to

---

[1] On December 4, 2020, Ms. Sullivan's counsel sent the Notice of Deposition to Mr. Pendarvis' counsel and indicated that the notice was also placed in the mail to Mr. Pendarvis' counsel that same day.

[2] Louisiana Code of Civil Procedure article 1458 provides, in pertinent part:

> A. Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. The written answer or reasons for objection to each interrogatory shall immediately follow a restatement of the interrogatory to which the answer or objection is responding. The answers are to be signed by the person making them. When interrogatories are served on a specific party, that party shall verify he has read and confirmed the answers and objections. The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within thirty days after the service of the interrogatories, except as set forth in Paragraph B of this Article. The court may allow a shorter or longer time. The party submitting the interrogatories may move for an order under Article 1469 with respect to any objection to or other failure to answer an interrogatory.

[3] Louisiana Code of Civil Procedure article 1462 provides, in pertinent part:

> B. (1) The party upon whom the request is served shall serve a written response within thirty days after service of the request, except as set forth in Subparagraph (2) of this Paragraph. The court may allow a shorter or longer time. With respect to each item or category, the response shall state that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified. The written answer or reasons for objection to each request for production of documents shall immediately follow a restatement of the request for production of documents to which the answer or objection is responding. The party submitting the request may move for an order under Article 1469 with respect to any objection to or other failure to respond to the request, or any part thereof, or any failure to permit inspection as requested. If objection is made to the requested form or forms for producing information, including electronically stored information, or if no form was specified in the request, the responding party shall state in its response the form or forms it intends to use.

4

schedule a Rule 10.1[4] Conference three different times (by email on December 28, 2020 and January 4, 2021, and by telephone on January 4, 2021), but was not successful in contacting Mr. Pendarvis' counsel to set a date.

On December 29, 2020, Mr. Pendarvis and MSI filed a peremptory exception raising the objection of no right of action and, in the alternative, no cause of action to Ms. Sullivan's reconventional demand, seeking dismissal of Ms. Sullivan's reconventional demand. One day later, on December 30, 2020, Mr. Pendarvis and MSI filed a motion for summary judgment. The motion for summary judgment contended that Mr. Pendarvis was always the owner of the fifty percent membership interest of MSI because the transfer was an absolute nullity. In the memorandum in support of their motion for summary judgment, Mr. Pendarvis and MSI asserted that the fifty percent membership interest transferred by Mr. Pendarvis to Ms. Sullivan was an absolute simulation because of the wording of the counter letter that was signed by Mr. Pendarvis and Ms. Sullivan.

Ms. Sullivan filed a "Motion to Compel" on January 7, 2021, seeking for the court to compel Mr. Pendarvis to submit to a deposition, produce responses to the November 20, 2020 interrogatories and requests for production of documents, order sanctions, and require Mr. Pendarvis and his counsel to pay all of Ms. Sullivan's reasonable expenses caused by his failure to appear for the deposition set for December 28, 2020. The hearing on the "Motion to Compel" was set for February 19, 2021. However, on February 19, 2021, the court held a status conference with the parties and continued all pending matters to March 23, 2021.

---

[4] The Rules for Louisiana District Courts, Title II, Rule 10.1 provides, in pertinent part:

> (a) Before filing any motion to compel discovery, the moving party or attorney shall confer in person or by telephone with the opposing party or counsel for the purpose of amicably resolving the discovery dispute. The moving party or attorney shall attempt to arrange a suitable conference date with the opposing party or counsel and confirm the date by written notice sent at least five (5) days before the conference date, unless an earlier date is agreed upon or good cause exists for a shorter time period. If by telephone, the conference shall be initiated by the person seeking the discovery responses.

On January 21, 2021, Mr. Pendarvis filed a motion to quash the subpoenas issued by Ms. Sullivan. Specifically, Mr. Pendarvis asserted that the records of his attorney, Donnie L. Floyd, were subject to attorney/client privilege; the records of his accountant, Grady Layfield, were subject to accountant/client privilege; the Notice of Inspection to Louisiana 1031 Exchange, Inc. was subject to attorney/client privilege; the deposition of Tammy Bergeron Robillard was not relevant because Ms. Robillard never worked for MSI; and the deposition of Mr. Pendarvis was not pertinent because parole evidence was inadmissible. Like the hearing on the "Motion to Compel," the motion to quash was initially set for February 19, 2021 and subsequently continued to March 23, 2021.

On March 23, 2021, a hearing was held on the motion for summary judgment, the exception of no right of action to the answer and reconventional demand, the motion to quash subpoenas, and the "Motion to Compel." The trial court granted the motion for summary judgment and declared the act of sale wherein Mr. Pendarvis sold Ms. Sullivan a fifty percent membership interest in MSI was an absolute simulation. The trial court further ordered the act of sale to be canceled in the public records of Ascension Parish; granted Mr. Pendarvis' exception of no right of action as to Ms. Sullivan's reconventional demand against Mr. Pendarvis and MSI; dismissed Ms. Sullivan's reconventional demand with prejudice subject to Ms. Sullivan's right to amend the demand within fifteen days; denied Mr. Pendarvis and MSI's exception of no right of action; found Mr. Pendarvis and MSI's motion to quash subpoenas moot at that time and continued it to after the May 11, 2021 rule date; found Ms. Sullivan's "Motion to Compel" moot at that time and continued it to after the May 11, 2021 rule date; and found Ms. Sullivan's motion for subpoena duces tecum moot at that time and continued it to the May 11, 2021 rule date. The judgment was signed on April 10, 2021.

## RULE TO SHOW CAUSE

On August 25, 2021, this Court issued a rule to show cause order, *ex proprio motu*, wherein an examination of the April 10, 2021 judgment on appeal revealed apparent defects in the appeal. We ordered the parties to show cause by briefs why this appeal should not be dismissed. On October 25, 2021, the rule to show cause was referred to the panel to which the appeal was assigned. Ms. Sullivan then filed a motion to supplement the record with an order signed by the trial court on January 13, 2022, wherein the trial court designated the April 10, 2021 judgment as a final judgment and expressed its determination that there was no just reason for delay. Ms. Sullivan, Mr. Pendarvis, and MSI jointly moved for the trial court to certify its judgment on the motion for summary judgment signed on April 10, 2021. We find that the judgment has been properly designated as final and appealable pursuant to Article 1951. See *R.J. Messinger, Inc. v. Rosenblum*, 2004-1664 (La. 3/2/05), 894 So. 2d 1113. It is from this judgment that Ms. Sullivan appeals.

## ASSIGNMENTS OF ERROR

Ms. Sullivan contends that (1) the trial court erred by granting the motion for summary judgment such that it ordered the act of sale to be canceled in the public records of Ascension Parish; (2) the trial court erred by granting the motion for summary judgment such that it declared the written act of sale between Mr. Pendarvis and Ms. Sullivan to be an absolute simulation; (3) the trial court erred by striking portions of the Affidavit marked as Exhibit 1 by Ms. Sullivan from the record and not allowing it into evidence to be considered in its entirety; (4) the trial court erred by admitting the Affidavit of Verification of Exhibits and for Summary Judgment marked as Exhibit 3 by Mr. Pendarvis into evidence over Ms. Sullivan's objection; and (5) the trial court erred by granting the motion for summary judgment.

7

## STANDARD OF REVIEW

Appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Leet v. Hospital Service District No. 1 of East Baton Rouge Parish,* 2018-1148 (La. App. 1st Cir. 2/28/19), 274 So. 3d 583, 587. A trial court shall consider a summary judgment motion only "[a]fter an opportunity for adequate discovery." La. C.C.P. art. 966A(3). When discovery is alleged to be incomplete, it is within the trial court's discretion either to hear the motion for summary judgment or to grant a continuance to allow for further discovery. The standard of review for a trial court's choice to hear a motion for summary judgment or to grant a continuance is an abuse of discretion standard. *Primeaux v. Best Western Plus Houma Inn,* 2018-0841 (La. App. 1st Cir. 2/28/19), 274 So. 3d 20, 32.

## DISCUSSION

Louisiana Code of Civil Procedure article 966 governs summary judgment. When applying La. C.C.P. art. 966, one must weigh La. C.C.P. art. 966A(1) and (2) with La. C.C.P. art. 966A(3) and (4). Louisiana Code of Civil Procedure articles 966A(1) and (2) provide that summary judgment is favored and discuss when a party may move for summary judgment. Specifically, "[a] party may move for a summary judgment for all or part of the relief for which he has prayed." A plaintiff's motion may be filed at any time after the answer has been filed, and a defendant's motion may be filed at any time. La. C.C.P. art. 966A(1); *Raborn v. Albea,* 2016-1468 (La. App. 1st Cir. 5/11/17), 221 So. 3d 104, 109. "The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action." La. C.C.P. art. 966A(2); *Murphy v. Savannah,* 2018-0991 (La. 5/8/19), 282 So. 3d 1034, 1038.

On the other hand, La. C.C.P. art. 966A(3) provides, "[a]fter an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law." *Primeaux*, 274 So. 3d at 32. Under La. C.C.P. art. 966A(4), "[t]he only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." *Himes v. State through Department of Transportation & Office of Engineering*, 2021-0138 (La. App. 1st Cir. 6/4/21), 327 So. 3d 536, 539. Thus, the court must weigh the goal of judicial efficiency with the goal of preparation and due process.

Several motions were on the court's docket on March 23, 2021. The two motions pertinent to our discussion are Ms. Sullivan's "Motion to Compel" and Mr. Pendarvis's motion for summary judgment. The trial court granted the motion for summary judgment and deferred ruling on the "Motion to Compel" until after the next available rule date.

Prior to reaching the merits of a motion for summary judgment, a trial court should consider whether the parties had an opportunity for adequate discovery. See *St. Francisville BK, L.L.C. v. JEC Real Estate Investment, LLC*, 2019-0342 (La. App. 1st Cir. 3/21/19) (finding the trial court abused its discretion in denying a motion to continue a hearing on a motion for partial summary judgment despite outstanding discovery, which was the subject of a motion to compel and motion to quash set for hearing on the same day as the motion or partial summary judgment); *Welch v. East Baton Rouge Parish Metropolitan Council*, 2010-1532 (La. App. 1st Cir. 3/25/11), 64 So. 3d 249 (finding the trial court's refusal to grant a motion for a continuance for the purpose of obtaining additional information through discovery to defend against a motion for summary judgment constituted an abuse of

discretion); *Dortch v. Jane Doe & Chrysler Group, LLC*, 2016-0933 (La. App. 1st Cir. 4/6/17), 217 So. 3d 449 (finding the trial court's granting of defendant's motion for summary judgment was not premature because the plaintiff had approximately two years for discovery, which was adequate time for discovery); *Primeaux*, 274 So. 3d at 33 (finding the trial court did not abuse its discretion in finding adequate discovery when the plaintiff did not identify what, if any, additional discovery was needed, did not file a motion to compel more complete discovery, did not request a continuance to conduct more discovery, and the suit was pending for more than a year before the motion for summary judgment was filed). We find that a trial court errs by ruling on a motion for summary judgment prior to ruling on a motion to compel. The outcome of the motion to compel hearing will determine if the motion for summary judgment is ripe for consideration. Should a trial court grant the motion to compel, the motion for summary judgment must be continued to provide for adequate discovery. See La. C.C.P. art. 966A(3). However, if a trial court denies the motion to compel, then the matter may be in the proper posture to hear the merits of the motion for summary judgment. Therefore, it was an abuse of discretion for the trial court to defer ruling on the "Motion to Compel" and proceed to the merits of the motion for summary judgment. Accordingly, we vacate the trial court's granting of the motion for summary judgment and remand this matter to the trial court for further proceedings consistent with this opinion.

### DECREE

The summary judgment granted by the Twenty-Third Judicial District Court in favor of the appellee, Earl Dempsey Pendarvis, and against the appellant, Melissa Sullivan, is vacated. The judgment also includes the trial court's ruling on exceptions of no right of action and no cause of action, which have not been appealed. Therefore, the trial court's ruling on the exceptions of no right of action

10

and no cause of action are affirmed. All costs of this appeal are assessed to Earl Dempsey Pendarvis.

**AFFIRMED IN PART, VACATED IN PART AND REMANDED.**

EARL DEMPSEY PENDARVIS          2021 CA 0760
AND MARKET SOUTH
INVESTORS, LLC                  FIRST CIRCUIT

VERSUS                          COURT OF APPEAL

MELISSA SULLIVAN                STATE OF LOUISIANA

**WELCH, J., concurring.**

While I agree with the result reached by the majority—that the summary judgment of the trial court should be vacated and that this matter remanded for a ruling on the motion to compel followed by a new ruling on the motion for summary judgment —I write separately to address several issues.

These proceedings commenced on September 17, 2020 with Earl Dempsey Pendarvis and Market South Investors, LLC ("MSI") filing a writ of mandamus and a request for a temporary restraining order and injunctive relief. Numerous exceptions and responsive motions were filed. On November 20, 2020, Melissa Sullivan filed an answer and reconventional demand, and on that same date, she propounded discovery. A few days later, Ms. Sullivan's attorney contacted Mr. Pendarvis' and MSI's attorney with a request to take Mr. Pendarvis' deposition and provided eleven dates from which to choose. None of the dates provided were accepted. Ms. Sullivan's counsel then set Mr. Pendarvis' deposition for December 28, 2020 and properly noticed the deposition; Mr. Pendarvis refused to attend. Neither Mr. Pendarvis nor MSI responded to the discovery, and they never sought a protective order in regards to either Mr. Pendarvis' deposition or the discovery. Further, all attempts by Ms. Sullivan's attorney to schedule a conference in accordance with La. Dist. Ct. Rule 10.1 were to no avail.

Instead of complying with discovery or submitting to a deposition, on December 30, 2020, Mr. Pendarvis and MSI filed a motion for summary judgment

1

on the basis that the act of sale was a simulation and an absolute nullity. Ms. Sullivan responded shortly thereafter with a motion to compel. She also set forth in her opposition to the motion for summary judgment that there had not been an opportunity for adequate discovery. Notably, Mr. Pendarvis' and MSI's motion for summary judgment and Ms. Sullivan's motion to compel were set on the same day—March 23, 2021; however, on that date, the trial court heard the motion for summary judgment first and then continued the motion to compel.

I agree with the majority that trial court abused its discretion in deferring its ruling on the motion to compel and in ruling on the merits of the motion for summary judgment. Under La. C.C.P. art. 966(A)(3), summary judgment is appropriate only "after an opportunity for adequate discovery." Here, the record is clear that Mr. Pendarvis and MSI refused to participate in *any* discovery prior to the filing of their motion for summary judgment. A party should not be allowed to actively circumvent the discovery process and use that to their advantage on a motion for summary judgment.

However, I believe that the cases cited by the majority are distinguishable from the facts of this case because a motion to continue the motion for summary judgment was not filed by Ms. Sullivan. Rather, she had a pending motion to compel, and she objected to going forward on the motion for summary judgment in her opposition and presented that argument to the trial court. Under the jurisprudence, the trial court's ruling on the motion for summary judgment was premature. The trial court should have heard the motion to compel first and then decided whether to proceed with the hearing on the motion for summary judgment. See **Broussard v. Winters**, 2013-300 (La. App. 3rd Cir. 10/9/13), 123 So.3d 902, 905-906 (La. App. 3rd Cir. 10/9/13) (wherein the plaintiff had a pending motion to compel discovery and argued in his opposition to a motion for summary judgment

2

that the responses to discovery were pertinent to summary judgment, the court held that the trial court prematurely decided the motion for summary judgment because the trial court failed to rule on the motion to compel rendering discovery incomplete and inadequate); and **Newton & Associates, Inc. v. Sheridan**, 1999-2048 (La. App 4th Cir. 12/13/00), 775 So.2d 1144, 1147-1148 (where there were motions to compel pending before the trial court and the issue of the outstanding motions to compel were raised in the opposition to the motion for summary judgment, the trial court erred in ruling on the motion for summary judgment before the hearing on the motions to compel because prevailing on the motion to compel and obtaining such discovery could reveal a material issue of fact, rendering summary judgment premature).

I would also point out that the trial court, in its April 10, 2020 judgment granting the motion for summary judgment on Mr. Pendarvis and MSI, stated:

> IT IS HEREBY FURTHER ORDERED, ADJUDGED[,] AND DECREED that the act of cash sale between Earl Dempsey Pendarvis and Melissa Sullivan of a portion of limited liability company membership interest in Market South Investors, LLC, recorded in the Parish of Ascension as instrument No. 00964068 is hereby ordered CANCELLED in the public records of Ascension Parish.

This relief was requested by Mr. Pendarvis and MSI in their motion for summary judgment. Notably, however, this relief—an order that the act of cash sale be cancelled in the public records—was neither requested nor prayed for by Mr. Pendarvis and MSI in either their initial pleading seeking mandamus and injunctive relief or their subsequent pleading seeking a declaration that the act of sale was a simulation and an absolute nullity. Therefore, it was inappropriate for the trial court to grant such relief. See La. C.C.P. art. 966(A)(1) (providing that a party may only move for summary judgment for all or part of the relief for which he has prayed).

3

Lastly, Ms. Sullivan, in her opposition to the motion for summary judgment, objected to the affidavit of Donnie Floyd (Exhibit 3) based upon La. Civil Code article 1848 (the parol evidence rule), which provides that "[t]estimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature." The trial court also noted this issue when, during the hearing on the motion for summary judgment, it posited: "How do you get past the parol evidence rule on counterletters and simulations?" Without reaching the merits of this evidentiary ruling, I would point out that parol evidence is always admissible to prove a simulation. See La. C.C. art. 1849 (providing that "[i]n all cases, testimonial or other evidence may be admitted to prove the existence or a presumption of a simulation or to rebut such a presumption"); see also La. C.C. art. 1848, Revision Comments—1984, comment (c), (providing that under La. C.C. art. 1848, "testimonial or other evidence is admissible to prove an absolute or relative simulation") and **Scott v. Sneed**, 50,954 (La. App. 2nd Cir. 12/14/06), 210 So.3d 872, 875-876.

For these reasons, I respectfully concur.