PETTIGREW, J.
| ^Plaintiffs appeal a partial summary judgment in favor of intervenor wherein the trial court dismissed, with prejudice, two of plaintiffs’ three claims. Because we conclude that this summary judgment was improperly certified as a final appealable judgment, we dismiss the appeal.
FACTS AND PROCEDURAL HISTORY
At the time of her death on October 24, 2003, Mary Bordelon Ford owned approximately 124 acres at the corner of Perkins Road and Glasgow Avenue in Baton Rouge, Louisiana. All of the land was zoned “A-l Single Family residential.” In her will, she bequeathed to each plaintiff, Bob Welch and Daniel Hoover, a remunerative donation of a tract of land together with a house and further bequeathed to plaintiffs jointly a third tract of land with a barn situated on it. The total area of the three tracts of land owned by plaintiffs was slightly more than 5 acres, and the tracts were situated within the boundaries of the remaining 119 acres of Mrs. Ford’s property. Because the tracts were so situated, Mrs. Ford also bequeathed to plaintiffs a private access servitude to Glasgow Avenue, which crossed a portion of the 119 acres and provided access to plaintiffs’ property.
Mrs. Ford’s succession sold the remaining 119 acres to a developer named 2590 Associates, LLC (“2590 Associates”), managed by Joseph T. Spinosa. With plans for a development named “Rouzan,” which would consist of a combination of commercial, single family residential, and multifamily residential units, the developer applied to the East Baton Rouge Parish Metropolitan Council (“Council”) to amend the Master Land Use and Development Plan to permit a use change from “Low *246 Density Residential” to “Planned Unit Development” and to rezone from “A-l Single Family Residential” to a “Traditional Neighborhood Development” (“TND”).
Following a hearing on January 23, 2008, the Council adopted Municipal Ordinance 14280, which rezoned the property as a TND and changed the permitted use of the 119 acres to a “Planned Unit Development.” Thereafter, plaintiffs filed a petition for declaratory judgment against the Council, challenging the rezoning ordinance and alleging | othat the Council’s actions were in violation of the Unified Development Code (“UDC”) and an abuse of discretion. 2590 Associates intervened as the property owner.
Plaintiffs base their challenge of the rezoning ordinance on three violations of the UDC, each of which they allege adversely affected their rights. The first violation of the UDC relates to Section 8.218C(3)(b) of the UDC, which requires that all residents shall be within approximately 1/4 mile distance from existing or proposed commercial, civic, and open space areas. Plaintiffs alleged that the conceptual plan for Rouz-an provides for all of the commercial development to be on the edge of the TND on Perkins Road rather than mixed throughout the development and that the distance between many of the residences and the commercial, civic, and open spaces is well in excess of 1/4 mile.
The second violation pertains to Section 8.218H, the UDC requirement that prior to the approval of the conceptual plan, 2590 Associates was required to request and attend a pre-application conference and provide a statement indicating it has financial responsibility sufficient to complete the Public Improvements shown on the conceptual plan. Plaintiffs contend that no such financial statement was provided by 2590 Associates at a pre-application conference.
The third and final violation concerns Section 8.218F of the UDC relating to the control of the land within the TND. Plaintiffs note that they own and reside on property completely surrounded by, and included within the boundaries of, Rouzan and that they have the benefit of one or more servitudes of passage over a portion of the Rouzan development that provides access to their property to and from Glasgow Avenue. Thus plaintiffs maintain that 2590 Associates cannot meet the UDC requirement that it have complete, unified, and legal control of all land included in the TND.
In September 2008, plaintiffs filed a motion for summary judgment on the first two violations, which was denied by the trial court in a judgment signed on December 10, 2008. An application to this court by plaintiffs for supervisory writs was subsequently denied.
On January 21, 2010, plaintiffs filed a supplemental petition for declaratory judgment. According to this supplemental petition, after adopting Ordinance 14280 the b Council filed several amendments to the UDC. Plaintiffs allege that these amendments are “unconstitutional as they violate the substantive due process clauses of the Louisiana and United States Constitutions in their application to this lawsuit to the extent they seek to divest plaintiffs of their rights acquired prior to the amendments.”
Thereafter, on February 2, 2010, 2590 Associates filed a motion for partial summary judgment on the first two violations, arguing that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. The matter was scheduled for hearing, but before the hearing on its motion, 2590 Associates filed an exception to plaintiffs’ supplemental petition raising the objection of no cause of action. 2590 Associates alleged that plain *247 tiffs failed to plead, with sufficient specificity, a valid constitutional claim and cannot identify a constitutionally protected liberty or property interest sufficient to support a substantive due process claim.
2590 Associates’ motion for partial summary judgment proceeded to hearing on March 29, 2010. The minute entry from the hearing provides, in pertinent part, as follows: “This matter came on for hearing on a Motion for Summary Judgment filed on behalf of interveners, the 2590 Associates.[1] ... The matter was argued by counsel, documentary evidence was introduced and the matter was submitted to the Court.” After considering the evidence, the court granted the motion, designating same as a final judgment. The trial court signed a judgment on April 15, 2010, decreeing as follows:
Plaintiffs’ claims that the actions of the ... Council in adopting Ordinance 14280 approving the [TND] violated the [UDC] because (a) each residence was not within 1/4 mile of each and every commercial, civic, and open space, and (b) a statement of financial responsibility was not submitted at the pre-application conference are DISMISSED WITH PREJUDICE.
It is further ORDERED, ADJUDGED AND DECREED that there is no just reason for delaying any appeal of this matter because the legal interpretation of the [UDC] is determinative of the rights of the parties to this matter. Therefore, this Court’s Judgment granting 2590 Associates and |Bthe ... Council’s summary judgment is now designated a Final Judgment pursuant to La. [Code Civ. P.] art. 1915(B).
Plaintiffs subsequently requested that the trial court provide written findings of fact and reasons for judgment, but none were provided. Plaintiffs appealed, challenging the trial court’s denial of their motion for partial summary judgment[2] and the April 15, 2010 judgment granting the motion for partial summary judgment in favor of 2590 Associates and the Council.
DISCUSSION
Appellate courts have the duty to examine subject matter jurisdiction sua *248 sponte, even when the parties do not raise the issue. Motorola, Inc. v. Associated Indem. Corp., 2002-0716, p. 4 (La.App. 1 Cir. 4/30/03), 867 So.2d 715, 717. A partial summary judgment rendered pursuant to La.Code Civ. P. art. 966(E) may be immediately appealed during an ongoing litigation only if it has been properly designated as a final judgment by the trial court. La.Code Civ. P. art. 1915(B). Although the trial court designated the April 15, 2010 partial summary judgment to be a final one under Article 1915(B), that designation is not determinative of this court’s jurisdiction. Van ex rel. White v. Davis, 2000-0206, p. 2 (La.App. 1 Cir. 2/16/01), 808 So.2d 478, 480. We must ascertain whether this court has appellate jurisdiction to review the partial judgment appealed from. Because the trial court gave reasons for certifying the judgment as immediately appealable, we review the certification applying the abuse of discretion standard. R.J. Messinger, Inc. v. Rosenblum, 2004-1664, p. 13 (La.3/2/05), 894 So.2d 1113, 1122.
 (¡Historically, our courts have had a policy against multiple appeals and piecemeal litigation. Article 1915(B) attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. Thus, in considering whether a judgment is properly designated as a final one pursuant to Article 1915(B), a trial court must take into account judicial administrative interests as well as the equities involved. R.J. Messinger, Inc., 2004-1664 at 13, 894 So.2d at 1122; Templet v. State of Louisiana, Department of Public Safety and Corrections, 2005-1903, p. 6 (La.App. 1 Cir. 11/3/06), 951 So.2d 182, 185. Some factors a trial court should take into account in making the certification determination is the relationship between the adjudicated and unadjudicated claims; the possibility that the need for review might or might not be mooted by future developments in the trial court; the possibility that the reviewing court might be obliged to consider the same issue a second time; and miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. R.J. Messinger, Inc., 2004-1664 at 14, 894 So.2d at 1122. However, the overriding inquiry for the trial court is whether there is no just reason for delay. R.J. Messinger, Inc., 2004-1664 at 14, 894 So.2d at 1122-1123.
In light of these considerations and based on the record before us, we find the trial court abused its discretion in designating the partial summary judgment as final and immediately appealable. The trial court concluded there was no just reason for delaying the appeal of this judgment because “the legal interpretation of the [UDC] is determinative of the rights of the parties to this matter.” Had all of plaintiffs’ claims concerning the Council’s actions and the alleged violations of the UDC been decided below, we would agree. However, that is not the case. Considering the factors set forth in Messinger, we note that the adjudicated and unadjudicat-ed claims in this case are very closely related. The April 15, 2010 partial summary judgment only resolved issues relating to the first two violations alleged by plaintiffs, i.e., the requirement that all residents in the TND be within approximately 1/4 mile distance from the commercial, |7civic, and open spaces and the requirement that prior to the approval of the conceptual plan, 2590 Associates attend a pre-application conference and provide a statement indicating its financial responsibility sufficient to complete the Public Improvements shown on the plan. Plaintiffs, *249 however, also challenged the rezoning ordinance based on the claim that 2590 Associates did not have complete, unified, and legal control of all the land included in the TND.[3] All of plaintiffs’ claims hinge on the legal interpretation of the UDC as it pertains to Municipal Ordinance 14280. Moreover, plaintiffs filed a supplemental petition for declaratory judgment, alleging that certain amendments to the UDC were unconstitutional and in violation of their substantive due process rights. Under these circumstances, we conclude that allowing an immediate appeal of the partial summary judgment rendered on April 15, 2010, only serves to encourage multiple appeals (as is evidenced by the appeal that is currently before us on the second motion for summary judgment filed in this case) and piecemeal litigation that causes delay and judicial inefficiency.
CONCLUSION
For the above and foregoing reasons, we find that the trial court improperly designated the April 15, 2010 partial summary judgment appealed herein as a final ap-pealable judgment. Therefore, we dismiss the appeal for lack of appellate jurisdiction. All costs associated with this appeal are assessed against plaintiffs-appellants, Bob Welch and Daniel Hoover.
APPEAL DISMISSED.

. We note a discrepancy in the record concerning whether this motion was "joined by” the Council or filed solely by 2590 Associates. The March 29, 2010 minute entry refers to the motion as being filed on behalf of 2590 Associates alone. The April 15, 2010 minute entry references the trial court's judgment granting summary judgment in favor of both 2590 Associates and the Council. The April 15, 2010 written judgment references the motion as being filed on behalf of 2590 Associates and joined by the Council, and judgment is granted in favor of both 2590 Associates and the Council. Moreover, 2590 Associates indicates in brief to this court that the Council joined with it in filing for partial summary judgment. However, we can find nothing in the record before us to confirm that the Council joined in the motion with 2590 Associates.

. The denial of a motion for summary judgment, in whole or in part is an interlocutory judgment that is not appealable. Ascension School Employees Credit Union v. Provost Salter Harper & Alford, L.L.C, 2006-0992, p. 2 (La.App. 1 Cir. 3/23/07), 960 So.2d 939, 940; La.Code Civ. P. arts. 968 and 2083(C). However, when an unrestricted appeal is taken from a final judgment, the appellants are entitled to seek review of all adverse interlocutory judgments prejudicial to them, in addition to the review of the final judgment. Price v. Kids World, 2008-1815, p. 3 (La.App. 1 Cir. 3/27/09), 9 So.3d 992, 994. Although the April 15, 2010 judgment was designated as a final and appealable judgment by the trial court, we have concluded that this improper certification by the trial court was an abuse of discretion and dismiss the instant appeal. Thus, plaintiffs are not entitled to review of the interlocutory judgment denying their motion for summary judgment.

. 2590 Associates moved for summary judgment as to plaintiffs' sole remaining claim, arguing that it was entitled to judgment as a matter of law because the land plaintiffs claim to own was not within the boundaries of the TND. Again, there is some discrepancy in the record as to whether the Council joined in with 2590 Associates in this motion. While the trial court's judgment and the briefs to this court seem to indicate the Council was a party to the motion, there is nothing in the record confirming same. Following a hearing on May 17, 2010, the trial court granted summary judgment "filed on behalf of Intervenors, 2590 Associates ... joined by ... the Council,” dismissing plaintiffs' suit, with prejudice. A judgment followed on May 27, 2010. Plaintiffs were granted a devolutive appeal from both the April 15, 2010 judgment and the May 27, 2010 judgment. 2590 Associates filed a motion to consolidate the two appeals, arguing that the facts of the case were the same, the standard of review was the same, and the legal arguments were similar. According to the motion, the Council was in agreement with consolidating the appeals for briefing and argument, but plaintiffs were in opposition. The motion was denied by another panel of this court on October 14, 2010. We address the merits of the appeal of the May 27, 2010 judgment in a separate opinion decided this same date. See Welch v. East Baton Rouge Parish Metropolitan Council, 2010-1532 (La.App. 1 Cir. 3/25/11), 64 So.3d 249.