PETTIGREW, J.
12PIaintiffs challenge the trial court’s judgment granting summary judgment in favor of intervenor and dismissing their suit with prejudice. For the reasons that follow, we reverse and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
At the time of her death on October 24, 2003, Mary Bordelon Ford owned approximately 124 acres at the comer of Perkins Road and Glasgow Avenue in Baton Rouge, Louisiana. All of the land was zoned “A-l Single Family residential.” In her will, she bequeathed to each plaintiff, Bob Welch and Daniel Hoover, a remunerative donation of a tract of land together with a house and further bequeathed to plaintiffs jointly a third tract of land with a barn situated on it. The total area of the three tracts of land owned by plaintiffs was slightly more than 5 acres, and the tracts were situated within the boundaries of the remaining 119 acres of Mrs. Ford’s property. Because the tracts were so situated, Mrs. Ford also bequeathed to plaintiffs a private access servitude to Glasgow Avenue, which crossed a portion of the 119 acres and provided access to plaintiffs’ property.
Mrs. Ford’s succession sold the remaining 119 acres to a developer named 2590 Associates, LLC (“2590 Associates”), managed by Joseph T. Spinosa. With plans for a development named “Rouzan,” which would consist of a combination of commercial, single family residential, and multifamily residential units, the developer applied to the East Baton Rouge Parish Metropolitan Council (“Council”) to amend the Master Land Use and Development Plan to permit a use change from “Low Density Residential” to “Planned Unit Development” and to rezone from “A-l Single Family Residential” to a “Traditional Neighborhood Development” (“TND”).
Following a hearing on January 23, 2008, the Council adopted Municipal Ordinance 14280, which rezoned the property as a TND and changed the permitted use of the 119 acres to a “Planned Unit Development.” Thereafter, plaintiffs filed a petition for declaratory judgment against the Council, challenging the rezoning ordinance and alleging |sthat the Council's actions were in violation of the Unified Development Code (“UDC”) and an abuse of discretion. 2590 Associates intervened as the property owner.
Plaintiffs base their challenge of the rezoning ordinance on three violations of the UDC, each of which they allege adversely affected their rights. The first violation of the UDC relates to Section 8.218C(3)(b) of the UDC, which requires that all residents shall be within approximately 1/4 mile distance from existing or proposed commercial, civic, and open space areas. Plaintiffs alleged that the conceptual plan for Rouz-an provides for all of the commercial development to be on the edge of the TND on Perkins Road rather than mixed throughout the development and that the distance between many of the residences and the commercial, civic, and open spaces is well in excess of 1/4 mile.
The second violation pertains to Section 8.218H, the UDC requirement that prior to the approval of the conceptual plan, *252 2590 Associates was required to request and attend a pre-application conference and provide a statement indicating it has financial responsibility sufficient to complete the Public Improvements shown on the conceptual plan. Plaintiffs contend that no such financial statement was provided by 2590 Associates at a pre-application conference.
The third and final violation concerns Section 8.218F of the UDC relating to the control of the land within the TND. Plaintiffs note that they own and reside on property completely surrounded by, and included within the boundaries of, Rouzan and that they have the benefit of one or more servitudes of passage over a portion of the Rouzan development that provides access to their property to and from Glasgow Avenue. Thus plaintiffs maintain that 2590 Associates cannot meet the UDC requirement that it have complete, unified, and legal control of all land included in the TND.
In September 2008, plaintiffs filed a motion for summary judgment on the first two violations, which was denied by the trial court in a judgment signed on December 10, 2008. An application to this court by plaintiffs for supervisory writs was subsequently denied.
On January 21, 2010, plaintiffs filed a supplemental petition for declaratory judgment. According to this supplemental petition, after adopting Ordinance 14280 the 14Council filed several amendments to the UDC. Plaintiffs allege that these amendments are “unconstitutional as they violate the substantive due process clauses of the Louisiana and United States Constitutions in their application to this lawsuit to the extent they seek to divest plaintiffs of their rights acquired prior to the amendments.”
Thereafter, on February 2, 2010, 2590 Associates filed a motion for partial summary judgment on the first two violations, arguing that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. The matter was scheduled for hearing, but before the hearing on its motion, 2590 Associates filed an exception to plaintiffs’ supplemental petition raising the objection of no cause of action. 2590 Associates alleged that plaintiffs failed to plead, with sufficient specificity, a valid constitutional claim and cannot identify a constitutionally protected liberty or property interest sufficient to support a substantive due process claim. The trial court never set this matter for hearing, nor did it ever address the constitutional issues raised by plaintiffs in their supplemental petition for declaratory judgment.[1]
2590 Associates’ motion for partial summary judgment[2] proceeded to hearing on *253 March 29, 2010, at which time the court heard argument from the parties, and evidence was introduced. After considering the evidence, the court granted the motion, designating same as final, in a judgment signed on April 15, 2010.[3]
1 =,2590 Associates filed a second motion for summary judgment as to plaintiffs’ sole remaining claim, arguing that it was entitled to judgment as a matter of law because the land plaintiffs claimed to own was not within the boundaries of the TND.[4] In an attempt to complete discovery prior to the hearing on this motion for summary judgment and within the discovery deadlines set by the court, plaintiffs notified 2590 Associates and the Council that they wished to take the depositions of Troy Bunch, director of the Planning Commission Staff, and Joseph T. Spinosa, manager of 2590 Associates. According to the record, Mr. Bunch’s deposition was scheduled for and taken on the morning of April 28, 2010. 2590 Associates refused to make Mr. Spinosa available for deposition without a subpoena. A subpoena for Mr. Spi-nosa was subsequently issued, and, in response, 2590 Associates filed a multitude of motions including a motion to stay discovery and upset scheduling until after a ruling on the motion for summary judgment had been made and a motion to quash the subpoena. Plaintiffs countered with a motion to compel discovery and a motion to continue the motion for summary judgment, arguing that they could not completely oppose the motion for summary judgment without the testimony of Mr. Spinosa. Plaintiffs argued that Mr. Spino-sa had knowledge of and could identify documents to support their contention that the property they owned was made a part of the TND. According to the record, plaintiffs’ motion to compel discovery and motion to continue was summarily denied by the trial court without a hearing on May 17, 2010.
The motion for summary judgment, as well as the motion to stay discovery and upset scheduling and motion to quash, were heard by the trial court on May 17, 2010. The May 17, 2010 minute entry provides as follows: “The matters were argued by counsel and submitted to the Court. Whereupon, the Court granted the Motion for Summary Judgment rendering the remaining motions moot.” The trial court signed a judgment on May 27, 2010, granting summary judgment and dismissing plaintiffs’ suit |fiwith prejudice. The *254 instant appeal by plaintiffs followed, wherein they argue the trial court erred in granting the summary judgment.[5]
DISCUSSION
On appeal, plaintiffs argue there are still material factual issues to be resolved involving whether the plaintiffs’ property is within the boundaries of the TND and whether the property is part of the “Planned Unit Development.” Plaintiffs contend that without Mr. Spinosa’s deposition, they were hindered in demonstrating 2590 Associates’ intentions to include their property in the TND. Plaintiffs maintain that “[t]he mere fact that [they] were thwarted in taking the deposition of Mr. Spinosa should in itself be sufficient to reverse the [summary] judgment and remand for further proceedings.” In response, 2590 Associates argue that plaintiffs request to take Mr. Spinosa’s deposition was untimely as a matter of law, unnecessary, and duplicative of information already obtained by plaintiffs. We agree with plaintiffs on the issue of the deposition and find legal error in the trial court’s decision to proceed with the hearing on the motion for summary judgment without first allowing the deposition of Mr. Spinosa to take place.
A defendant may file a summary judgment motion at any time. La.Code Civ. P. art. 966(A). However, a trial court shall consider a summary judgment motion only “[a]fter adequate discovery or after a case is set for trial.” La.Code Civ. P. art. 966(C)(1). The requirement that a summary judgment should be considered only after “adequate discovery” has been construed to mean that there is no absolute right to delay action on a summary judgment motion until discovery is complete; rather, the requirement is only that parties have a fair opportunity to carry out discovery and to present their claim. Unless plaintiff shows a probable injustice a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact. See Simoneaux v. E.I. du Pont de Nemours and Co., Inc., 483 So.2d 908, 912-913 (La. 1986); see also Vanderbrook v. Coachmen Industries, Inc., 2001-0809, p. 8 (La.App. 1 Cir. 5/10/02), 818 So.2d 906, 911. When a trial court cannot positively determine the diligence of a party in securing evidence through discovery, it should grant a requested continuance. The continuance produces delay, but the denial of the continuance may cause irreparable injury. Judson v. Davis, 2004-1699, pp. 13-14 (La.App. 1 Cir. 6/29/05), 916 So.2d 1106, 1116, writ denied, 2005-1998 (La.2/10/06), 924 So.2d 167.
The mere contention of an opponent that he lacks sufficient information to defend a motion for summary judgment because of movant’s failure to comply with discovery is insufficient to defeat the motion. Crocker v. Levy, 615 So.2d 918, 920 (La.App. 1 Cir.1993). However, when the plaintiff alleges sufficient reasons why additional evidence to oppose the summary judgment motion could not be produced, it is an abuse of discretion for the trial court to deny the plaintiffs request for a continuance. See Migliore v. Kinsley, 531 So.2d 1091, 1094 (La.App. 4 Cir.1988); Leake & Andersson, LLP v. SIA Ins. Co. (Risk Retention Group), Ltd., 2003-1600, p. 4 (La.App. 4 Cir. 3/3/04), 868 So.2d 967, 969 *255 (finding summary judgment premature when the information the opposing party seeks to discover pertains directly to the unresolved factual issue in the case).
In the instant case, prior to the hearing on the motion for summary judgment, plaintiffs filed a motion to compel Mr. Spi-nosa to appear for his deposition and further urged the trial court to continue the hearing on the summary judgment until after the deposition could be taken. Plaintiffs argued that Mr. Spinosa had knowledge of and could identify documents that supported their contention that the property they owned had been made a part of the TND. Thus, plaintiffs maintained, they could not present a complete defense to the motion for summary judgment without Mr. Spinosa’s sworn testimony. Plaintiffs noted further that they had noticed Mr. Spinosa’s deposition within the time limits for discovery in the case management schedule and, therefore, should be allowed to take the deposition. As previously indicated, plaintiffs’ motion to compel and motion to continue the hearing on the motion for summary judgment was summarily denied by the trial court on May 17, 2010, without a hearing.
IsBased on our review of the record and the applicable jurisprudence, we find the trial court abused its discretion in denying plaintiffs’ motion for a continuance. It is clear that Mr. Spinosa, as manager of 2590 Associates, was directly involved in the transactions relating to plaintiffs’ property and may have information relevant to the issue before us now, i.e., whether 2590 Associates had complete, unified, and legal control of their property as is required pursuant to Section 8.218F of the UDC. By refusing to allow plaintiffs the opportunity to depose Mr. Spinosa prior to ruling on the motion for summary judgment, the trial court committed legal error and prematurely granted summary judgment in favor of 2590 Associates and the Council.
Moreover, as discussed in footnote 1 herein, it was legal error for the trial court to dismiss plaintiffs’ suit with prejudice without first setting the no cause of action exception for hearing and addressing the constitutional challenge raised by plaintiffs in their supplemental petition for declaratory judgment.
CONCLUSION
For the above and foregoing reasons, the May 27, 2010 judgment of the trial court granting summary judgment in favor of 2590 Associates and the Council and dismissing plaintiffs’ suit with prejudice is reversed. This case is remanded for further proceedings consistent with this opinion. All costs associated with this appeal are assessed against intervenor-appellee, 2590 Associates, LLC.
REVERSED AND REMANDED.

. During oral argument before this court, the attorneys were asked to file supplemental briefs to address the issue of whether we could consider the unanswered constitutional challenge raised by plaintiffs in their supplemental petition for declaratory judgment. As we appreciate plaintiffs’ claim, they are not arguing that the amendments to the UDC are unconstitutional on their face. They are simply arguing that the amendments, if applied to their cause of action, are unconstitutional. Although this exception was filed before either of the summary judgment hearings below, the trial court never set the exception for hearing. Rather, in the case before us now, the trial court granted summary judgment in favor of 2590 Associates and the Council, dismissing plaintiffs' suit with prejudice without ever addressing the exception or the constitutional claim by the plaintiffs. Thus, the judgment rendered herein leaves the issue of the constitutionality of the amendments to the UDC undecided. We find it was error for the trial court to consider the summary judgment without first setting the no cause of action exception for hearing and ruling on the constitutionality of the amendments to the UDC as they apply to plaintiffs' claim.

. We note a discrepancy in the record concerning whether this motion was "joined by” the Council or filed solely by 2590 Associates. *253 The March 29, 2010 minute entry refers to the motion as being filed on behalf of 2590 Associates alone. The April 15, 2010 minute entry references the trial court’s judgment granting summary judgment in favor of both 2590 Associates and the Council. The April 15, 2010 written judgment references the motion as being filed on behalf of 2590 Associates and joined by the Council, and judgment is granted in favor of both 2590 Associates and the Council. Moreover, 2590 Associates indicates in brief to this court that the Council joined with it in filing for partial summary judgment. However, we can find nothing in the record before us to confirm that the Council joined in the motion with 2590 Associates.

. Plaintiffs’ appeal of the April 15, 2010 judgment and the previous denial of their motion for summary judgment are addressed in a separate opinion decided this same date. See Welch v. East Baton Rouge Parish Metropolitan Council, 2010-1531 (La.App. 1 Cir. 3/25/11), 64 So.3d 244.

. Again there is some discrepancy in the record as to whether the Council joined in with 2590 Associates in this motion. While the trial court’s judgment and the briefs to this court seem to indicate the Council was a party to the motion, there is nothing in the record confirming same. Following a hearing on May 17, 2010, the trial court signed a judgment on May 27, 2010, granting summary judgment “filed on behalf of Interve-nors, 2590 Associates ... joined by ... the Council,” dismissing plaintiffs’ suit, with prejudice.

. 2590 Associates filed a motion to consolidate its two appeals, arguing that the facts of the case were the same, the standard of review was the same, and the legal arguments were similar. According to the motion, the Council was in agreement with consolidating the appeals for briefing and argument, but plaintiffs were in opposition. The motion was denied by another panel of this court on October 14, 2010.