STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1047

JODI CARTER HOFFMANN AND ERIC HOFFMANN

VERSUS

MICHAEL SCURRIA

Judgment Rendered: ___**FEB 2 1 2020**___

* * * * *

On Appeal from the
Twenty-First Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Trial Court No. 159854

The Honorable Brenda Bedsole Ricks, Judge Presiding

* * * * *

Rodney N. Erdey
Denham Springs, Louisiana

Attorney for Defendant/Appellant,
Michael Scurria


J. Andrew Murrell
Baton Rouge, Louisiana

Attorney for Plaintiffs/Appellees,
Jodi Carter Hoffmann and
Eric Hoffmann


Richard E. Farmer
Denham Springs, Louisiana

Attorney for Intervenor/Appellee,
Paula Carbo

* * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**PENZATO, J.**

Appellant, Michael Scurria, appeals a trial court judgment granting Appellees, Jodi Carter Hoffmann and Eric Hoffmann, summary judgment with regard to the partition of certain immovable property. For the reasons that follow, we dismiss this appeal.

## FACTS AND PROCEDURAL HISTORY

Jodi Carter Hoffmann and Eric Hoffmann instituted this proceeding to partition immovable property co-owned with Michael Scurria. The Hoffmanns and Scurria purchased property located at 10069 Serene Road, Denham Springs, Louisiana (the Property), on December 19, 2017. It is undisputed that in order to purchase the Property, Scurria secured a $160,000.00 mortgage, in which the Hoffmanns intervened and acknowledged that the Property was being mortgaged. Both the Hoffmanns and Scurria incurred expenses to prepare the Property to be resold. The Property was reconstructed, remodeled, and upgraded before being sold to Michelle Southern Plumlee and Daniel E. Plumlee on May 24, 2018, for $248,000.00. The Hoffmanns allege that Jodi Carter Hoffmann, a licensed broker and real estate agent, listed and sold the Property, entitling her to a commission as evidenced by a listing agreement.

Scurria filed a reconventional demand against the Hoffmanns alleging that a verbal partnership was created between himself, the Hoffmanns, and Paula Carbo, in which the parties would purchase immovable property, remodel it, and sell it for a profit, with the proceeds being divided equally among the four partners. He alleged that the proceeds of the sale were to be used to pay off the mortgage, pay $6,000.00 in closing costs, reimburse each partner for their own expenses in upgrading the Property, and then be divided in four equal shares. Scurria also

2

asserted that Jodi Carter Hoffmann was not entitled to a listing fee, as he did not sign the listing agreement.

Paula Carbo intervened in the lawsuit in proper person, alleging that she entered into a verbal partnership with the Hoffmanns and Scurria to purchase the Property, upgrade it, and sell it for a profit. She also alleged that the proceeds of the sale were to be used to pay off the mortgage, pay $6,000.00 in closing costs, reimburse each partner for their own expenses in upgrading the Property, and then be divided in four equal shares. Carbo alleged that she was entitled to 25% of the net profit generated from the sale of the Property. Although it appears that service of the intervention was held on the Hoffmanns and Scurria, the Hoffmanns answered the intervention.

The Hoffmanns filed a motion for summary judgment, alleging that there were no genuine issues of material fact. Scurria opposed the motion for summary judgment. He submitted an affidavit denying that he entered into the listing agreement and claiming that his initials were forged on the Louisiana Residential Agreement to Buy and Sell. While not specifically referring to the relevant statute, La. R.S. 37:1431(16) explicitly states, "[a] listing agreement shall only be valid if signed by **all** owners or their authorized attorney in fact." (Emphasis added). Scurria also asserted that he had expended $9,218.07 of his own funds on the Property and claimed reimbursement thereof.

The trial court held a hearing on the motion for summary judgment on January 22, 2019. At the hearing, Rodney Erdey, an attorney, appeared on behalf of Scurria. Carbo also appeared and objected that she had never received notice of the motion for summary judgment. She explained that she had intervened in proper person, but that the Hoffmanns served the motion for summary judgment on Erdey, who was the attorney for Scurria, but not her attorney.

3

Although the Hoffmanns argued that Carbo opposed the motion for summary judgment, no such opposition is contained in the record before us. The only opposition to the motion for summary judgment was filed by Scurria. The trial court permitted the motion for summary judgment hearing to proceed. On February 12, 2019, the trial court issued written reasons for judgment, and a judgment was signed in accordance therewith on March 6, 2019. Carbo filed a motion for new trial, alleging that neither the motion for summary judgment nor the March 6, 2019 judgment was served upon her.[1] The trial court denied the motion for new trial. Erdey filed a notice of appeal on behalf of Scurria as to the March 6, 2019 judgment[2] and to the March 27, 2019 denial of Carbo's motion for new trial.[3] On May 29, 2019, Richard E. Farmer enrolled as counsel of record on behalf of Carbo. While Farmer filed a notice of appeal on behalf of Carbo, there does not appear to be an order attached thereto for signature by the trial court.

On August 12, 2019, this court, *ex proprio motu*, issued a rule to show cause as the March 6, 2019 judgment was not a final, appealable judgment since it did not describe the immovable property in question with sufficient particularity pursuant to La. C.C.P. art. 1919 and the judgment referenced outside documents not attached to the judgment. The rule to show cause was referred to this panel. In response to this court's rule to show cause, Scurria attached a new judgment signed by the trial court on September 9, 2019, to his second amended appellant brief. The September 9, 2019 judgment attempts to correct the issues of the rule to show

---

[1] We note there is nothing in the record as to service of process of the motion for summary judgment being made on Carbo. Although Louisiana civil procedure clearly provides that service of pleadings on a party's attorney is acceptable, *see* La. C.C.P. arts. 1235 and 1314, it has been held that an attorney can only accept service on behalf of a client after the attorney has enrolled as counsel of record. *See Foster v. Foster*, 2010-0353 (La. App. 1st Cir. 6/11/10), 2010 WL 2342769, at *4 (Guidry, J. concurring).

[2] Although Scurria references the March 2, 2019 judgment, this court notes that the judgment was actually signed on March 6, 2019.

[3] Based upon our opinion herein, we do not discuss whether Scurria had standing to appeal the motion for new trial filed by Carbo.

4

cause and states that summary judgment is rendered in favor of the Hoffmanns and against Scurria and Carbo. It then describes the Property to be partitioned; orders specific reimbursement expenses for Scurria, Eric Hoffmann, and Jodi Carter Hoffmann; orders Jodi Carter Hoffmann to be paid a real estate commission in the amount of $14,880.00; and orders the remaining proceeds to be divided 1/3 each to Jodi Carter Hoffmann, Eric Hoffmann, and Scurria. Scurria did not file a motion to supplement the record with the September 9, 2019 judgment. Therefore, that judgment is not before this court.[4]

## APPELLATE JURISDICTION

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte,* even when the parties do not raise the issue. *Texas Gas Exploration Corp. v. Lafourche Realty Co., Inc.,* 2011-0520 (La. App. 1st Cir. 11/9/11), 79 So. 3d 1054, 1059, *writ denied,* 2012-0360 (La. 4/9/12), 85 So. 3d 698. A valid judgment must be precise, definite, and certain. *Laird v. St. Tammany Parish Safe Harbor,* 2002-0045 (La. App. 1st Cir. 12/20/02), 836 So. 2d 364, 365. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *See Carter v. Williamson Eye Center,* 2001-2016 (La. App. 1st Cir. 11/27/02), 837 So. 2d 43, 44. These determinations should be

---

[4] We note that even if the record had been supplemented to include the September 9, 2019 judgment, the trial court was without authority to act. *See Marrero v. I. Manheim Auctions, Inc.,* 2019-0365 (La. App. 1st Cir. 11/19/19), ___ So. 3d ___, ___, 2019 WL 6167832, *2. The jurisdiction of the district court over the matters reviewable under the appeal was divested upon the granting of the order for suspensive appeal. La. C.C.P. art. 2088(A); *Marrero,* ___ So. 3d at ___, 2019 WL 6167832 at *2. An appellate court has the sole authority to determine whether an appeal is properly before it once the district court's jurisdiction has been divested. *Marrero,* ___ So.3d at ___, 2019 WL 6167832 at *2. Any order or judgment rendered subsequent to the order granting an appeal is null if that order or judgment purports to address a matter that is at the time reviewable under the appeal. *Marrero,* ___ So. 3d at ___, 2019 WL 6167832 at *2. The district court has no authority to correct a judgment after it is divested of jurisdiction other than correct any misstatements, irregularities or informalities, or omissions of the district court record. *See* La. C.C.P. art. 2132; *Marrero,* ___ So. 3d at ___, 2019 WL 6167832 at *2. Therefore, even when an appellate court ultimately determines that it lacks appellate jurisdiction, the district court is divested of jurisdiction over the issues and the parties upon the signing of the order of appeal. *Marrero,* ___ So. 3d at ___, 2019 WL 6167832 at *2.

5

evident from the language of a judgment without reference to other documents in the record. *Laird*, 836 So. 2d at 366.

This court's appellate jurisdiction extends only to final judgments and judgments expressly made appealable by law. La. C.C.P. art. 2083. A final judgment is one that determines the merits in whole or in part. La. C.C.P. art. 1841.

The summary judgment filed by the Hoffmanns requested relief against "defendants." Carbo is an intervenor in this matter, not a defendant. Despite the incorrect designation, the motion for summary judgment clearly requested relief against Scurria and Carbo, as is evidenced by both the motion and the argument contained in the memorandum in support thereof. The March 6, 2019 judgment states that the motion for summary judgment is rendered in favor of the Hoffmanns and against Scurria and Carbo, and purports to grant the relief requested by partitioning the proceeds of the sale between the Hoffmanns and Scurria. However, the March 6, 2019 judgment did not dismiss the intervention of Carbo.

On reviewing the record in this matter, we find we cannot address the merits of the appeal because we lack jurisdiction. Specifically, the judgment on appeal is a partial summary judgment that is not a final judgment as defined in La. C.C.P. art. 1915. That article provides in pertinent part:

> A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
>
> (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
>
> * * *
>
> (3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).

\* \* \*

> B. (1) When a court renders a partial judgment or partial summary judgment ..., as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, *the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.*
>
> (2) In the absence of such a determination and designation, *any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.* [Emphasis added.]

The March 6, 2019 judgment does not indicate that it dismisses the claims of the intervenor, Carbo. *See Welch v. E. Baton Rouge Par. Metro. Council*, 2010-1531 (La. App. 1 Cir. 3/25/11), 64 So. 3d 244, 248-49. Further, the trial court did not designate the judgment as a final judgment and did not make the requisite express determination, pursuant to La. C.C.P. art. 1915(B)(2), that there is no just reason for delay. *See Thompson v. Cenac Towing Co., L.L.C.*, 2018-1282 (La. App. 1st Cir. 4/12/19), 2019 WL 1578170, \*2. Therefore, the judgment is an interlocutory judgment, subject to being revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties. It is not subject to immediate appeal and we have no jurisdiction over this matter. *Greff v. Milam*, 2008-726 (La. App. 5th Cir. 2/10/09), 8 So. 3d 693, 697; *see also Matter of Succession of Pellette*, 2018-0728 (La. App. 1st Cir. 4/16/19), 2019 WL 1614718, at \*5;

Furthermore, the March 6, 2019 judgment refers to extrinsic documents and, thus, the specific relief granted is not determinable from the judgment. *See Laird,*

7

836 So. 2d at 366. Therefore, the March 6, 2019 judgment is defective and cannot be considered a final judgment for purposes of appeal.[5]

As the March 6, 2019 judgment is not a final judgment, we find it unnecessary to address the March 27, 2019 denial of the motion for new trial. Thus, this court lacks appellate jurisdiction to review this matter and we must dismiss the appeal.

## CONCLUSION

For the above and foregoing reasons, the appeal of the March 6, 2019 judgment is dismissed with prejudice. The appeal of the March 27, 2019 judgment is deemed moot. All costs of this appeal are assessed to appellant, Michael Scurria.

**APPEAL DISMISSED.**

---

[5] We recognize that the August 12, 2019 rule to show cause issued by this court referenced La. C.C.P. art. 1919 as one reason that the March 6, 2019 judgment was not a final, appealable judgment. Louisiana Code of Civil Procedure article 1919 provides that "[a]ll final judgments which affect title to immovable property shall describe the immovable property affected with particularity." The March 6, 2019 judgment does not "affect title to immovable property" as the petition requested to partition the *proceeds* of the sale. Therefore, we do not find La. C.C.P. art. 1919 applicable to the present case.