STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1394

BELLEVIEW ESTATES, LLC

VERSUS

KNOLL & DUFOUR LANDS, LLC

Judgment Rendered: __SEP 2 1 2020__

* * * * * * *

On Appeal from the 18th Judicial District Court
In and for the Parish of Pointe Coupee
State of Louisiana
Trial Court No. 47,453

Honorable Alvin Batiste, Judge Presiding

* * * * * * *

William C. Shockey
Alex T. Griffin
Baton Rouge, Louisiana

Attorneys for Plaintiff/Appellant,
Belleview Estates, L.L.C.

Michael F. Kelly
Marksville, Louisiana

Attorneys for Defendants/Appellees,
Knoll & Dufour Lands, LLC, Jerold
E. Knoll and Jeannette T. Knoll

Andrew C. Kolb
Baton Rouge, Louisiana

Attorney for Defendant/Appellee,
Samuel P. Menefee

* * * * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**PENZATO, J.**

Belleview Estates, L.L.C. ("Belleview) appeals a judgment granting a partial summary judgment in favor of Knoll and Dufour Lands, LLC, Jerold Edward Knoll, and Jeannette Theriot Knoll (collectively the "Knolls") and Samuel P. Menefee. For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

This action was initiated by Belleview as a possessory action. On December 8, 2016, Belleview filed a petition alleging it was in possession of the following described property (the "disputed property"):

> A certain tract or parcel of ground consisting of that portion of Section 54 or Lot 31, Township 1 South, Range 7 East, Southeastern Land District West of the Mississippi River, lying east and south of Louisiana Highway 15.

Belleview alleged that on December 1, 2016, Chustz Surveying, Inc., acting on behalf of Knoll and Dufour Lands, LLC, entered the disputed property and placed survey markers thereon, thereby disturbing Belleview's possession. Belleview sought judgment in its favor recognizing its right of possession of the disputed property, as well as injunctive relief to protect its possession and enjoyment of the disputed property.

In response to the petition, the Knolls filed a reconventional demand asserting a petitory action. The Knolls asserted that they owned undivided interests[1] in the following described property (the "116-acre tract"):

---

[1] According to the Knolls' reconventional demand, record title to the property was owned by the following in the following proportions:

| Menefee | 16/32nds |
| Knoll and Dufour Lands, LLC | 10/32nds |
| Jerold and Jeannette Knoll | 5/32nds |
| Corinne Morrison Keller | 1/32nd |

2

A certain tract of land, with all buildings and improvements thereon, containing 116 acres, more or less, and part of Lot 31 or Section 54, T1S, R7E, Pointe Coupee Parish, Louisiana, and being bounded North by Rodgers Family Trust and Guaranty Seed Company, LLC, South by Marty Gaspard, East by Rodgers Family Trust and West by William T. Coats, Jr. Estate, and being a part of Wildwood Plantation.

According to the Knolls' reconventional demand, Belleview had no record title to the disputed property, which constituted a small portion of this larger tract. The Knolls' reconventional demand further asserted that Belleview owned adjoining property to property owned by the Knolls and that Belleview's and the Knolls' record title derived from a common ancestor, George Keller, who acquired a 394-acre tract by an act of sale filed January 16, 1883, in the records of Pointe Coupee Parish. The Knolls sought a judgment denying Belleview's possessory action and request for injunctive relief, granting their petitory action and recognizing the Knolls as legal owners of an undivided interest in the disputed property, and for all fruits, products and/or damages to which the Knolls were entitled.

Belleview answered the Knolls' reconventional demand, and filed a reconventional demand against the Knolls and Menefee.[2] In its reconventional demand, Belleview acknowledged that the Knolls and Menefee were the owners of

---

[2] In response to Belleview's reconventional demand, Menefee reconvened, claiming co-ownership by title of the 116-acre tract in which he and the Knolls alleged that the disputed property was located.

record of the disputed property, but that Belleview had acquired the ownership of the disputed property by 30-year acquisitive prescription.[3]

On September 29, 2017, the Knolls filed a "Motion for Partial Summary Judgment on the Issue of Common Ancestor in Title." The Knolls sought a judgment declaring that by proving a "common ancestor of title" (Keller), they had proven ownership, and therefore only the issue of Belleview's claim of acquisitive prescription remained to be adjudicated. Belleview opposed the motion, arguing that pursuant to *Pure Oil Co. v. Skinner*, 294 So. 2d 797, 799 (La. 1974), the Knolls were required "to show title good against the world without regard to the title of the party in possession," rather than the lower standard of proof to establish ownership claimed to be applicable by the Knolls. Belleview further argued that the common ancestor rule was not applicable in this case because while Keller at some time owned both the Knoll property and the Belleview property, the two parcels did not have a common title history.

The Knolls' motion for partial summary judgment came for hearing on February 27, 2018, at which point the trial court denied it in part, finding a genuine issue of material fact as to whether the Knoll and Menefee titles adequately

---

[3] When the Knolls and Menefee filed their reconventional demands alleging ownership of the disputed property, Belleview's possessory action was converted into a petitory action. By alleging an ownership interest in the disputed property, the Knolls and Menefee judicially confessed Belleview's possession of the disputed property. See La. C.C.P. art. 3657.

The petitory action is one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff's ownership. La. C.C.P. art. 3651. To obtain a judgment recognizing his ownership of immovable property or real right therein, the plaintiff in a petitory action must: (1) prove that he has acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant is in possession of the property; or (2) prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof. When the titles of the parties are traced to a common author, he is presumed to be the previous owner. La. C.C.P. art. 3653.

Ownership of immovable property may be acquired by the prescription of thirty years without the need of just title or possession in good faith. La. C.C. art. 3486. In a petitory action, when one party relies on title and the other on acquisitive prescription, the party relying on title will prevail unless the adversary establishes his ownership by acquisitive prescription. *George M. Murrell Planting & Mfg. Co. v. Dennis*, 2006-1341 (La. App. 1 Cir. 9/21/07), 970 So. 2d 1075, 1080. Stated another way, ownership of immovable property under record title may be eclipsed and superseded by ownership acquired under prescriptive title. *Id.*

4

described the property in dispute. The trial court granted the motion for partial summary judgment as to the application of the common author rule to titles of adjacent tracts of land that derive from a common ancestor in title, and further decreed that:

> Once it is shown that the KNOLL and MENEFEE titles adequately describe the property in dispute, the common author rule will apply and the burden of proof will shift to BELLEVIEW to prove its thirty (30) year bad faith acquisitive prescriptive claim to the property in dispute.

On February 21, 2019, the Knolls filed a petition to amend the reconventional demand they filed on January 20, 2017, because they determined that the disputed property was not contained within the 116-acre tract described in their original reconventional demand. The Knolls amended their reconventional demand to delete the property description and replace it with the following described property ("Hard Tack"):

> A certain tract or parcel of land, together with all buildings and improvements thereon, situated in Section 54, T1S, R7E, Parish of Pointe Coupee, State of Louisiana, containing 38 acres, more or less, and being bounded North by lands formerly belonging to George Keller, South by lands now or formerly belonging to Louis Sheppard and Bayou Lettsworth, East by Bayou Lettsworth and West by land formerly belonging to George Keller, which land is generally known and designated as Hard Tack Plantation.

The Knolls further alleged that record title to the above described property is owned by the Knolls and Menefee. Menefee filed a similar amended reconventional demand.

The Knolls then filed a "Supplemental Motion for Partial Summary Judgment on the Issue of Common Ancestor in Title and to Prove Ownership by Title", seeking a judgment decreeing that the Knoll properties and the Belleview property both derive from the ownership by Keller, a common ancestor in title. The Knolls further sought summary judgment that they had proven ownership by title to "Hard Tack" from 1901 to 2016, which contains the disputed property. The

5

matter came for hearing on April 30, 2019 at which time the trial court ruled that the Knolls' exhibits were not in compliance with La. C.C.P. art. 966, and continued the matter to June 14, 2019.

On May 15, 2019, the Knolls and Menefee filed a "Second Supplemental Motion for Partial Summary Judgment on the Issue of Common Ancestor in Title and Proof of Ownership by Title." The Knolls and Menefee sought judgment decreeing that their title and Belleview's title both derive from the ownership by Keller, a common ancestor in title; that Knoll and Menefee have better title than Belleview, which has no title whatsoever to the disputed property; and that they had proven ownership by title to "Hard Tack" from 1901 to 2016, which contains the disputed property.

Belleview opposed the motion for partial summary judgment, reasserting its argument that the Knolls and Menefee were required to prove title good against the world. Belleview further argued that the evidence submitted in connection with the motion for summary judgment was insufficient to discharge that burden, and that the property description included in the Knolls' and Menefee's titles was insufficient.

On June 14, 2019, the second supplemental motion for partial summary judgment came before the trial court for hearing. The trial court granted summary judgment, and by judgment signed July 29, 2019, rendered judgment in favor of the Knolls and Menefee and against Belleview granting summary judgment on the following issues:

> 1. The burden of proof in this case imposed upon [the Knolls] and [Menefee] was to prove title to the disputed property (defined hereinafter) back to a common author or ancestor in title with [Belleview];
>
> 2. [The Knolls] and [Menefee] have proven title to the disputed property (defined hereinafter) back to George Keller, a common ancestor in title with [Belleview];

6

3. [The Knolls] and [Menefee] have proven their title to the following described property (referred to hereinabove as "the disputed property"), to-wit:

> A certain tract or parcel of land containing 12.30 acres, lying within and forming a portion of Section 54, T1S, R7E, Pointe Coupee Parish, Louisiana, being more particularly described on a Plat of Survey by Jared A. Couvillion, Registered Land Surveyor, dated January 26, 2017 and marked thereon as "Tract 2-4", recorded in Map Book 7, Map No. 769 and in CB Bk 632, No. 006, records of Pointe Coupee Parish, Louisiana.

4. Trial in this case shall now proceed to the prescriptive claims of [Belleview] and the issue of damages claimed by [the Knolls] and [Menefee].

The trial court also issued an order certifying the "Judgment Granting Partial Summary Judgment on the Issue of Common Ancestor in Title and Proof of Ownership by Title" rendered on June 14, 2019, and signed on July 29, 2019, as a final judgment pursuant to La. C.C.P. art. 1915(B). The trial court assigned the following reasons:

1. The adjudicated claims dispose of one aspect of this case. The grant of summary judgment is the foundation for the consideration of the unadjudicated claims in the case. Should the grant of summary judgment be in error, then there may be no need for consideration of the unadjudicated claims.

2. There is no possibility that the need for review will be mooted by future developments in the trial court.

3. The reviewing court will not be obliged to consider a second time the issues presented by the grant of partial summary judgment unless the court of appeal should rule only that there exist genuine issues of material fact precluding summary judgment and does not address the merits of the legal controversy presented by the Knolls' and Menefee's Motion for Partial Summary Judgment.

4. Whether or not the Knolls and Menefee can prove ownership by title is a pivotal issue in the case. If they cannot, there is no need for the court to consider their claims for damages for fruits produced from the property in dispute and trees alleged to have been destroyed by Belleview Estates, L.L.C. Thus, the interests of judicial economy will best be served by appellate review at this time of the correctness of the ruling granting partial summary judgment herein in favor of the Knolls and Menefee.

7

5. Given the foregoing, there is no just reason for delay in the appeal of the grant of partial summary judgment in favor of Knoll and Dufour, LLC, Jerold Edward Knoll, Jeannette Theriot Knoll, and Samuel Menefee.

Belleview appeals, contending that the trial court erred in granting the Knolls' and Menefee's Motion for Partial Summary Judgment on the issue of a common ancestor in title and in establishing the Knolls' and Menefee's proof of ownership by title.

## JURISDICTION

Before reaching the merits of this appeal, we have a duty to examine subject matter jurisdiction *sua sponte,* even when the parties do not raise the issue. *Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.*, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So. 3d 1044, 1046 (en banc). A partial summary judgment may be immediately appealed only if it has been designated as a final judgment by the trial court after an express determination that there is no just reason for delay. La. C.C.P. art. 1915(B). Although the trial court certified the July 29, 2019 partial summary judgment as final pursuant to the provisions of La. C.C.P. art. 1915(B), that designation is not determinative of this court's jurisdiction. *Van ex rel. White v. Davis*, 2000-0206 (La. App. 1 Cir. 2/16/01), 808 So. 2d 478, 480. When an order designating a judgment as final for appeal purposes is accompanied by explicit reasons, the reviewing court must determine whether the trial court abused its discretion in certifying the judgment. *R.J. Messinger, Inc. v. Rosenblum*, 2004-1664 (La. 3/2/05), 894 So. 2d 1113, 1122.

In determining whether a judgment is properly designated as final for purposes of an immediate appeal, a court must always keep in mind the historic policies against piecemeal appeals. *Hernandez v. Excel Contractors, Inc.*, 2018-1091 (La. App. 1 Cir. 3/13/19), 275 So. 3d 278, 285-86. As set forth in *R.J.*

8

*Messinger, Inc.*, the following factors should be considered in determining whether the trial court's certification of a partial judgment was appropriate: (1) the relationship between the adjudicated and non-adjudicated claims; (2) the likelihood that review could be mooted pending future developments in the trial court; (3) the likelihood that the reviewing court might be required to consider the same issue a second time; and (4) miscellaneous factors including delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and other similar factors. *R.J. Messinger, Inc.* at 1122.

In the instant case, the adjudicated and non-adjudicated claims are intertwined. The July 29, 2019 judgment at issue does not adjudicate the claim asserted by Belleview in its reconventional demand that it acquired ownership of the disputed property by 30-year acquisitive prescription. At issue in this petitory action is the **ownership** of the disputed property. Belleview is not asserting better title to the property. Thus, the determination by the trial court that the Knolls and Menefee proved **title** to the disputed property back to Keller is not determinative of Belleview's unadjudicated claim of ownership by acquisitive prescription, and does not preclude consideration of this claim.

Moreover, ownership acquired by acquisitive prescription supersedes ownership of immovable property under record title. See *George M. Murrell Planting & Mfg. Co.*, 970 So. 2d at 1080. The issue under review in this appeal, i.e., the trial court's determination that the Knolls and Menefee proved title to the disputed property, would be mooted by a future determination that Belleview acquired ownership of the disputed property by acquisitive prescription. If Belleview were to prevail in its claim of ownership, and the Knolls and Menefee were to appeal that ruling, this court would be obliged to consider for a second time the issue of the Knolls' and Menefee's title to the disputed property.

9

In light of the factors set forth in *R.J. Messinger, Inc.*, and based on the record before us, we conclude the trial court abused its discretion in certifying the partial summary judgment as final and immediately appealable. See *Matter of Succession of Kendall*, 2016-0413 (La. App. 1 Cir. 2/9/17), 2017 WL 532355, *4; *Welch v. E. Baton Rouge Par. Metro. Council*, 2010-1531 (La. App. 1 Cir. 3/25/11), 64 So. 3d 244, 248-49. Allowing an immediate appeal of the partial summary judgment rendered on July 29, 2019, would only serve to encourage multiple appeals and piecemeal litigation that causes delay and judicial inefficiency. Belleview can seek appellate review of the issues presented in this appeal in the event its claim of ownership of the disputed property by 30-year acquisitive prescription is rejected by the trial court and all issues are properly before this court on appeal. See *Radcliffe 10, L.L.C. v. Burger*, 2017-0967 (La. App. 1 Cir. 5/29/18), 251 So. 3d 435, 441.

Although this court has discretion to convert an appeal to an application for supervisory writs, it may only do so if the appeal would have been timely had it been filed as a supervisory writ application. *Succession of Jaga*, 2016-1291 (La. App. 1 Cir. 9/15/17), 227 So. 3d 325, 328, n.2. Because the appeal was not filed within thirty days of the notice of judgment, the motion for appeal cannot be considered a timely filed application for supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal. Accordingly, we decline to convert the appeal to an application for supervisory writs.

## CONCLUSION

For the foregoing reasons, we dismiss the instant appeal, and remand for further proceedings. Costs of this appeal are to be split one-half to Belleview Estates, L.L.C. and one-half to Knoll and Dufour Lands, LLC, Jerold Edward Knoll, Jeannette Theriot Knoll, and Samuel P. Menefee.

**APPEAL DISMISSED.**